## COURT OF APPEALS, JUNE TERM, 1820.

### THE HAGER'S-TOWN TURNPIKE ROAD COMPANY vs. CREEGER.

By the act of 1813, ch. 138, a supplement to the act of incorporation of the appellants, the form prescribed for taking subscriptions was, that the subscribers should sign this agreement: "We whose names are hereunto subscribed, do promise to pay to The President, Managers and Company of the Hager's Town Turnpike Road Company, the sum of — dollars for every share of stock in the said company set opposite to our respective names" The form used omitted the word "President," and it was held to be sufficient and binding on the subscribers.

Less strictness is observed in contracts with or by corporations than in actions by or against them

In contracts with a corporation it is sufficient that its name be so given as to distinguish it from other corporations

Where notice is directed to be given of the time and place for receiving subscriptions for stock, the object is to prevent a monopoly of the stock, and the want of the notice is no defence to one who does subscribe

Where a corporation has gone into operation, & rights have been acquired under it, every presumption should be made in favour of its legal existence

APPEAL from Frederick county court, from a judgment rendered in that court in favour of the defendant, (the appellee,) in an action of assumpsit for money had and received, brought in the names of The President, Managers and Company, of the Hager's-Town Turnpike Road Company. The general issue was pleaded.

1. At the trial, the plaintiffs read in evidence the acts of assembly of 1809, ch. 96, 1812, ch. 50, and 1813, ch. 138. The first of these acts grants the charter to the plaintiffs; the second revives the first, which had not been carried into execution; and under the second the stock was taken. The third act confirms certain proceedings of the company, and gives the right to recover the amount of stock subscribed, in an action for money had and received. The plaintiff also offered in evidence the original subscription book, and proved the hand-writing of the defendant, as a subscriber in that book for 25 shares. The book was opened at Mechanic's-Town by four of the commissioners appointed by the law of 1812, ch. 50. The act of 1809 directs the commissioners to provide the books, and to enter in them a heading to the subscription, by which the subscribers "promise to pay to The President, Managers and Company, of the Hager's-Town Turnpike Road Company," &c. By the heading inserted by the commissioners in the book produced, the form was, that they "promise to pay to The Managers and Company of the Hager's-Town Turnpike Road Company," &c. leaving out the word "President." The act of 1809 also requires the commissioners to give notice of the time and place of opening the books, by advertisements inserted a certain length of time in particular newspapers. Upon the prayer of the defendant, the court, [Buchanan, Ch. J. and T. Buchanan, A. J.] were of opinion, and so directed the jury, that the plaintiffs were not entitled to recover; because the subscrip-

tions for stock were not taken pursuant to the form prescrib-
ed by the act of 1809, *ch.* 96; and because no evidence was
offered that the persons appointed to take subscriptions gave
notice in the *Baltimore, Frederick-Town* and *Hager's-
Town* newspapers, of the times when, and places where,
books would be opened to receive subscriptions, as direct-
ed by the said act of 1809.   The plaintiffs excepted.

2. The plaintiffs then prayed the court to direct the ju-
ry, that if they believed the testimony, they might pre-
sume that the commissioners named in the law of 1812,
did duly and regularly give notice of the time and place
of opening the books for taking subscriptions for the stock
mentioned in that law, as thereby directed.  The court
refused to give this direction, and the plaintiffs excepted.
The verdict and judgment being against them, they prose-
cuted this appeal.

The case was argued in this court before EARLE, JOHN-
SON, and DORSEY, J.

*Taney,* for the appellants, cited *Gilb. Com. Pl.* 234.
*The Mayor, &c.* vs. *Davenport,* 1 *Wils.* 184.  *Mayor, &c.*
vs. *Bolton,* 1 *Bos. & Pull.* 40.

*Pigman,* for the appellee, cited *Knight* vs. *the Mayor,*
&c. 1 *Ld. Raym.* 80, 81.

EARLE, J. delivered the opinion of the court.   This is
an action of *assumpsit* for money had and received, found-
ed on the act of 1813, *ch.* 138.  It is brought by the turn-
pike company against a delinquent stockholder, to enforce
the payment of money subscribed by him for shares of
stock in the books opened by the commissioners at *Me-
chanic's-*town.   Besides the several acts of assembly on
this subject, the plaintiffs read in evidence, to support their
case, the original subscription book opened at *Mechanic's-*
town, and proved the hand-writing therein of the defen-
dant, who subscribed for twenty-five shares.  The book
thus produced did not exactly conform to the *formula* pre-
scribed by the act of assembly.  The form according to
the act is—"we whose names are hereunto subscribed, do
promise to pay to *The President, Managers and Company,
of the Hager's-Town turnpike road company,* the sum of
—— dollars for every share of stock in the said company,
set opposite to our respective names," and the form in-

serted by the commissioners in the books was, "we whose names are hereunto subscribed, do promise to pay to *The Managers and Company of the Hager's-Town turnpike road company,*" &c. omitting the word "*President.*" On this omission, and the plaintiffs' neglect to produce testimony of the notice published by the commissioners previ‑ ous to opening the books, the defendant rested his defence, in the action, and the court below sustained both of the objections, being of opinion that the omission and neglect were fatal to the plaintiffs' suit.

A distinction is to be found in all the authorities between actions by corporations, and contracts, leases, bonds and grants, made by or to them. In regard to the first, great strictness is observed, whereas, much indulgence is shown to support the latter; and the reason assigned is, that in actions, the consequences of a misnomer are easily repaired, while a mistake in the name, in grants, &c. would be fatal, and the benefit of them would be wholly lost. With this distinction in view, the court think that this rule may be laid down as to mistakes made in the name of corporations, that if there is enough said in their contracts, leases, bonds and grants, to show that there is such a body politic, and to distinguish it from others, the corporation is well named. In the case before us, the word "*President*" is alone omitted in the *formula,* and the court is of opinion, enough is in the other expressions to describe the corporation intended, and to effectu‑ ate the contract. And we are the more inclined to this opinion, in this case, because the contract here was not made by the turnpike company itself, or by its agents, but was made by anticipation before the company had a legal existence, and by commissioners wholly independent of, and uncontrolled by them. On this point then, we must differ in opinion with the court below. And on the other point in the *first* bill of exceptions, we can by no means agree with them. It was not necessary, to maintain the suit, to prove that the commissioners at *Mechanic's*-town proceeded regularly as to notice previous to their opening the books. This precaution is directed by law to prevent a monopoly of the stock by a few, and it does not lay with one of the monopolizers, (if this were the fact,) to take advantage of a neglect that operated in his favour. Whoever may be prejudiced by such an oversight in the com‑

missioners, it is not the man who is present at the opening of the books, and takes a portion of the stock by signing his name.

After so much has been said with regard to the proof of notice, little is necessary to be added on the opinion of the court given in the *second* bill of exceptions. The court here refused to instruct the jury, that they might presume that the notice was given according to the directions of the law; and in this we think they clearly committed an error. Where a corporation has gone into operation, and rights have been acquired under it, every presumption should be made in favour of the legality of its existence.

This court, therefore, dissent from the opinions expressed by the court below in both of the bills of exceptions.

DORSEY, J. dissented. He concurred in the opinion expressed by the court below in the *first* bill of exceptions, but dissented from that expressed in the *second* bill of exceptions.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.