(Decided 8th March, 1878.)

---

John Henry Keene, Jr. and John W. S. Brady, Trustees, and others *vs.* Catharine Van Reuth, by her next friend and husband, Felix Van Reuth.

*An objection to Evidence not made below, excluded from Consideration by the Court of Appeals—Rule 4, respecting Appeals from Courts of Law—Legal existence of a Corporation not to be inquired into collaterally—Party to proceedings in Equity—Estoppel.*

In an action of ejectment the plaintiff offered in evidence to support her title to the land claimed, a deed which was read subject to exception.  On appeal it was insisted that this deed was not sufficient to pass the title from

Keene and Brady, Trustees, *et al. vs.* Van Reuth.

the grantors to the grantee, because it was defectively acknowledged. It did not appear that any point was raised at the trial below as to the admissibility of the deed as evidence, because of any defect in its execution or acknowledgment. HELD :

That however tenable the objection made might have been, if raised below, it was excluded from consideration by the Appellate Court, by Rule 4, respecting Appeals from Courts of Law.

The validity of the articles of incorporation of an Association, cannot be inquired into incidentally and collaterally.

A party to proceedings in equity under which title to property has been acquired, is estopped from disputing the title so acquired.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, BRENT, MILLER, ALVEY and ROBINSON, J.

*Wm. Shepard Bryan,* for the appellants.

The Baltimore Mercantile Building Association exercised the powers of a corporation for many years, under a charter obtained in January, 1867, by proceedings under Art. 26, sec. 31, of the Code, re-enacted by the Act of 1866, ch. 21 It is maintained by the appellee that there was an irregularity in these proceedings, which renders the charter void.

The Code requires that the Articles of association should be signed by seven members and certified by the secretary, and recorded in the office of the clerk, &c , &c. In the present case, the Articles were not only signed by seven members, but were also certified by seven members, one of whom was the secretary. The irregularity does not consist in omitting anything which the statute requires, but in doing more than was required. Moreover, the question of corporation *vel non,* was adjudicated in favor

of the existence of the corporation in the equity proceedings, to which the present appellee and the Association (grantor and *cestui que trust* of the appellants) were parties; as also were the plaintiff and defendant in the judgment, under which the land was sold by the sheriff to the appellee.

In the first of the equity cases, the corporate existence was distinctly admitted by Van Reuth's answer, and a decree was passed, founded on the admissions of the answer. In the second cause, where Hoopes was complainant and Van Reuth and the appellee were defendants, with the Association and another person, the corporate existence was distinctly put in issue by the pleadings; and furthermore, a distinct exception to the ratification of the sale was made by Felix Van Reuth, presenting the very question. The exception was overruled, and the sale of the property to the Association was ratified. Hoopes filed objections to the auditor's report, and produced in evidence the very judgment under which the appellee purchased. So the validity of the mortgage from Felix Van Reuth to The Baltimore Mercantile Building Association; and the corporate existence of the Association; and the validity of the sale to the Association under the decrees in equity, have all been adjudicated in a proceeding in which the parties were the appellee, and those from whom she claims to derive title, and the Association, whom the appellants represent.

If the question were open, the highest authorities will show that the adjudications were correct. *Methodist Episcopal Church vs. Pickett*, 19 *New York*, 482; *Smith vs. Sheely*, 12 *Wallace*, 358; *Myers vs. Croft*, 13 *Wallace*, 291; *Commissioners vs. Bolles*, 4 *Otto*, 104.

It may be observed that there is a break in the appellee's chain of title. The deed from Davis to Cooper is not properly acknowledged; at least, there is nothing to shew that Nathaniel Parsons was a justice of the peace. He

Keene and Brady, Trustees, *et al. vs.* Van Reuth.

professed to be a justice for Baltimore City, and he took the acknowledgment of a deed for land lying in the county. There is no certificate or other evidence to establish his assumed character.

*Charles Marshall*, for the appellee.

1st. Was the proof offered by the appellants to show the incorporation of the body called The Baltimore Mercantile Building Association, sufficient to show the existence of such a corporation? ·

2nd. What is the legal consequence in this action of holding said proof to be insufficient?

Both parties derive title from one source. The plaintiff claims title under a deed from the sheriff of Baltimore County, dated August 17th, 1874. The sheriff sold under a *fi. fa.*, issued upon a judgment recovered by *W. P. Hoopes vs. Felix Van Reuth*, September 24th, 1872. The levy was made November 29th, 1872; but the sale was not made until August 17th, 1874.

The appellants claim, under a sale made to the Baltimore Mercantile Building Association by the trustees, under the decree in the consolidated cases, on the 20th June, 1871, and a subsequent conveyance by the Association to the appellants.

The proof offered of the incorporation of the 'Association is the copy of the certificate of incorporation, which was part of the evidence taken in the consolidated cases on the exceptions to the ratification of the sale. This paper is defective. It is not signed, recorded or attested, as required by law. *Code, Art.* 26, *sec.* 31; *Frost vs. The Frostburg Coal Co.*, 24 *Howard*, 282; *Valk vs. Crandall*, 1 *Sandford*, 179; *Fire Department vs. Kepp*, 10 *Wendell*, 266; *Taggart vs. The Western Md. R. R. Co.*, 24 *Md.*, 591; *Lord vs. Essex B. A.*, 37 *Md.*, 320; *Spencer vs. Cook*, 16 *La. An.*, 153–4; *Harris vs. McGregor*, 29 *Cal.*, 124; *Wheadon vs. Peoria R. R. Co.*, 42 *Ills.*, 494;

*Crooker vs. Crane,* 21 *Wendell,* 212 ; *D. & R. R. Co. vs. Wilson,* 22 *Conn.,* 435.

The second exception presents the same question. The equity record was offered in evidence to show title of defendants, accompanied by an offer of the same charter to show incorporation.

The third exception presents the same question. The ruling of the Court in each of those exceptions, was correct.

The proof offered, as set forth in the fourth bill of exceptions, was clearly inadmissible. Such evidence of user is sometimes admitted to prove the fact of incorporation, when the question is as to acceptance of a charter. But it cannot be offered, as against a stranger, to give validity to a charter shown to be void for want of conformity to law. If such proof were admissible, it would practically repeal the law which regulates the formation of corporations.

If the Baltimore Mercantile Building Association was not a duly incorporated body, it follows that, as there was no grantee, the deed of the trustees to the Association was a nullity, and that of the Association to the appellants was also void.

Nor is there any estoppel in this case. So far as Hoopes is concerned, he stipulated that his action as trustee should not be construed into an admission that the company was incorporated, or be used against the claim set up by him in his original bill, that said company was not duly incorporated. He was therefore at liberty to get his judgment, and sell any property he could find belonging to Van Reuth. The appellee, of course, could buy ; and she is not estopped in any way from disputing the corporate existence of the company.

BOWIE, J., delivered the opinion of the Court.

The appellee instituted an action of ejectment against the appellants, in the Circuit Court for Baltimore County, on the 29th of December, 1875, for certain lands described in the *narr.*

Four exceptions were taken by the appellants to the ruling of the Court below, excluding certain evidence offered by the appellants to sustain their title, and the verdict being for the appellee, the appellants moved in arrest of judgment, which being overruled and judgment entered for the plaintiff, the defendants appealed.

The title of both plaintiff and defendants is derived from the same source, each party claiming through Felix Van Reuth.

The plaintiff claims immediately by deed dated August 17, 1874, to her as purchaser from the sheriff, under an execution against Felix Van Reuth, at the suit of Wm. P. Hoopes.

The defendants claim directly under a decree of the Circuit Court for Baltimore County, in equity, in two consolidated cases, viz., *The Baltimore Mercantile Building Association vs. Felix Van Reuth* to forclose a mortgage, and another at the suit of *Wm. P. Hoopes vs. Felix Van Reuth, and others,* to forelose a mortgage and for other relief, directing a sale by trustees, etc.

The sale under this decree was made on the 20th June, 1871, and the trustees conveyed the premises to the Baltimore Mercantile Building Association, by deed dated 18th of September, 1872, duly acknowledged and recorded.

The defendants, now appellants, offered in evidence deeds from the Baltimore Mercantile Building Association, to John H. Keene, Jr. and John W. S. Brady, two of the defendants, also, a deed from Chas. W. Ridgely and others, trustees, in a cause wherein Hoopes was complainant, and Van Reuth and wife and others were defendants, conveying to the Association the property in controversy, and all the right of the parties in the cause to the same.

They then offered in evidence the record of a suit in equity, consolidated of two suits; one in which the Baltimore Mercantile Building Association was complainant, and Felix Van Reuth defendant, the other in which Wm.

P. Hoopes was complainant, and Carroll and wife, Van Reuth and wife, (the appellee,) and the Baltimore Mercantile Association were defendants.

The transcript of the record of the consolidated cases shows, that the bill in the first case was filed for the sale of the property in question, by the Baltimore Mercantile Building Association, under a mortgage from Felix Van Reuth to the complainants, in which they alleged they were a corporation, duly organized, and the mortgage was filed as an exhibit.

The mortgage recited that the mortgagee was a body corporate, of which the mortgagor was a member, and that he had received an advance of $3280 on his shares of stock.

Felix Van Reuth admitted all the facts set forth in the bill of complaint, by his answer, which was signed by counsel, accompanied by a written authority from the defendant to file it.

A decree was passed for the sale of the property, the sale made, excepted to, and set aside.

It further appears from the record offered in evidence by the appellants, that the bill of complaint in the second case was filed by Wm. P. Hoopes for the sale of the same mortgaged property, under a mortgage from Felix Van Reuth, to the complainant, to which Carroll and wife, Van Reuth and wife, (the appellee,) and the Baltimore Mercantile Building Association were defendants, and the bill charged that the Association was *not* a body corporate.

Van Reuth and wife in their answer, admitted the mortgage to the Baltimore Mercantile Building Association, and also the mortgage to complainant.

The Baltimore Mercantile Building Association in its answer averred, it was a body corporate; a decree was passed for the sale of the property, after the consolidation. A sale was made under this decree, on the 20th June, 1871, to the Baltimore Mercantile Building Association for $11,100, the sale duly reported, and exceptions filed by Van Reuth.

In January, 1872, an additional exception was filed, alleging that the Baltimore Mercantile Building Association was not a body corporate. Evidence was taken under a commission issued for that purpose; among others, the incorporation of the Baltimore Mercantile Building Association was shown by the certified record from the Charter Record of Baltimore City, and a judgment against Felix Van Reuth, in favor of Hoopes, under which the sale was afterwards made to the plaintiff, the appellee.

The Court overruled the exceptions of Van Reuth and ratified the sale.

The defendants below, offered the record of the consolidated cases in equity, as showing at once the incorporation of the Baltimore Mercantile Building Association, and the derivation of the title of the defendants, and the plaintiff excepted to the said record or any part thereof, for the purpose of proving the due incorporation of said company; the Court sustained the objection, and refused to allow the record to be read in evidence *for that purpose*, which is the subject of the first exception.

The defendants then offered the record of the cases in equity, referred to in the first bill of exceptions, as evidence to show their title *only*, and not to show the due incorporation of said Association, and followed said offer by tendering a record copy of the Articles of Association of the Baltimore Mercantile Building Association, to which the plaintiff objected, and the Court sustained the objection; which forms the subject of the defendants' second exception.

The defendants then in addition to the former evidence, offered the Articles of Association of the Baltimore Mercantile Building Association, together with the record copy of Amendment to the Articles of association, to which the plaintiff objected and the Court sustained the objection, which is the ground of the appellants' third exception.

The defendants in connection with the matters set forth in the preceding exceptions, read in evidence subject to exception, the record of proceedings of the Baltimore Mercantile Building Association, tending to show that said Association began business under the charter offered in evidence on the 8th of January, 1867, and that it had regular meetings for business, until the execution of the deed of trust to Keene and Brady, offered in evidence, said business involving large amounts.

Whereupon the Court decided that upon the evidence in the cause, the plaintiff was entitled to recover therein, and directed a verdict and judgment to be entered in favor of the plaintiff, to which ruling the defendants excepted; which is the ground of the fourth exception.

The first three exceptions involve the question, whether the evidence contained in them, severally or collectively, proved the legal competency of the Baltimore Mercantile Building Association to take and receive real property or to convey the same by deed?

On the part of the appellants it is insisted the Articles of incorporation were in strict conformity with the provisions of the Code of Public General Laws, Art. 26, sec. 31, re-enacted by the Act of 1866, ch. 21.

But if not, they contend that the plaintiff is estopped from disputing the defendants' title, she having been a party to the proceedings in equity, under which the lands were sold and purchased.

Thirdly, the appellants allege that the plaintiff's title being derived from Felix Van Reuth, who dealt with the Building Association as a corporation, becoming a member thereof, and borrowing a large sum of money from it, she would not be heard to dispute the corporate existence of the Association.

Fourthly, that the legal existence of the Association cannot be inquired into collaterally.

In addition to these grounds of defence, the appellants rely upon a defect in the acknowledgment of a deed offered

in evidence by the appellee to sustain her title, which if the subject of review on this appeal, would be a cause of error in the Court's ruling as shown in the fourth bill of exceptions.

As the plaintiff must recover on the strength of her own title, if at all, it is proper to consider first whether the appellants' objection to the appellee's deed No. 1, being the conveyance from Henry Winter Davis and others, to Sam'l Cooper, is now subject to review in this Court.

The deed was offered in evidence by the appellee to maintain the issue on her part, subject to exception, but it does not appear to the Court that any point was raised at the trial below, upon the admissibility of the deed as evidence, because of any defect in its execution, or acknowledgment; but now it is insisted, that the deed was not sufficient to pass the title from the grantors to the grantee, because it does not appear the person before whom it seems to have been acknowledged as a justice of the peace, was a justice of the peace for the City of Baltimore. It is said "He took the acknowledgment of a deed purporting to be of land lying in Baltimore County, *in the City of Baltimore*, and there is no certificate or other evidence, as required by law, to establish his official character."

This objection, however tenable it might have been if raised below, seems to us excluded from our consideration by Rule 4, on the subject of appeals from Courts of law. 29 *Md., p.* 2.

The questions arising on the first, second and third exceptions, being virtually the same, may be considered together.

Assuming for the sake of the argument, that the Articles of incorporation of the Baltimore Mercantile Building Association, are informally executed, is it competent for the appellee to raise the objection incidentally and collaterally? It was held in this Court, as early as 5 *H. & J.*, 122, that when a corporation has gone into opera-

tion, and rights have been acquired under it, every presumption should be made in favor of its legal existence. It is laid down in *Angell & Ames on Corporations*, as a principle recognized by numerous authorities, "that whenever it appears that a charter has been granted to certain individuals, as a corporation, who are actually in the enjoyment of the corporate rights granted, they have been held rightfully in possession against all wrong-doers and all others, who have acted or treated with them in their corporate character; *i. e.* when it is shown that the charter was granted on a *precedent* condition; for as against all but the sovereign, the precedent condition shall be taken to be performed." *Tar River Navigation Co. vs. Neal,* 3 *Hawks,* 520; *Same vs. Elizabeth City,* 6 *Iredell,* 476; *Rathborne vs. Tioga N. Co.,* 2 *W. & Ser.,* 74; *Angell & Ames on Corp's, sec.* 80, *p.* 61, 8*th Ed.*

Again it is laid down, "if there has been a user of a corporate franchise by an association of persons, their existence as a corporation can only be inquired into by the Government." *Thompson vs. N. Y. R. Co.,* 3 *Sand.,* 625; *Meth. Ep. Ch. vs. Pickett,* 19 *N. Y.,* 482.

It has also been decided, that a person doing business with a bank, as a corporation, cannot deny its existence. *Bank of Circleville vs. Remick,* 15 *Ohio,* 222; 8 *B. Monroe,* 122; *Angell & Ames on Corp's, sec.* 94.

The omission of trustees by the Act of incorporation of an insurance company, to organize it, could not be objected to by a contracting party, and any valid objection to the requisite organization, could only be available in behalf of the Government. *Ibid;* 1 *Sandf.,* 158; 4 *Denio,* 392; 9 *Wend.,* 351.

These authorities refer to strangers, or third persons, not members of the corporation.

It is objected by the appellee's counsel, that the document offered in evidence by the appellants as proof of the incorporation of the Baltimore Mercantile Building Asso-

Keene and Brady, Trustees, *et al. vs.* Van Reuth.

ciation, is not signed, recorded, or attested, as required by law.

The 31st Section of the 26th Article of the Code of Public General Laws which is referred to as prescribing the pre-requisites to the incorporation of Homestead or Building Associations, enacts " Before any such association shall become a corporation, they shall lodge with the Clerk of the Circuit Court for the county in which such corporation is designed to act, and if designed to act in the City of Baltimore, with the Clerk of the Superior Court of Baltimore, a copy of the articles of association of such corporation, signed by at least seven members and certified by the secretary thereof, to be recorded in the office of such clerk ; and any addition, alteration, or amendment of the articles shall be signed, certified and recorded in the same manner."

The paper purporting to be the constitution of the Baltimore Mercantile Building Association, in this case, is certified by seven persons, subscribing themselves as members, who declare that the annexed, is the "constitution," etc., and among the subscribers, one is described as secretary of the Baltimore Mercantile Building Association; it is dated 15th January, 1867, endorsed, received for record January 17, 1867, per Alford Mace, Clerk, and further certified by the Clerk of the Superior Court, under the seal of the Court.

Whether the execution of the certificate was strictly formal or not, or whether it is one of those conditions precedent which the law presumes has been complied with, is immaterial, since it was held by this Court, in the case of *Lord & Robinson vs. The Essex Building Association,* that such a question as that could not arise in a mere collateral proceeding. 37 *Md.,* 327 ; *vide* also, *Taggart vs. Western Md. R. R.,* 24 *Md.,* 596.

Mrs. Van Reuth was a party to the proceedings in the case of Wm. P. Hoopes against Felix Van Reuth and wife, in equity, which was consolidated with the case of

the *Baltimore Building Association vs. Felix Van Reuth,* then pending in the same Court, and after the consolidation, a decree was passed for the sale of the premises in controversy.

The decree directed the trustees to convey to the purchaser the property sold, free, clear and discharged of all claim of the parties to the cause, and those claiming by, from, or under them.

This decree was passed on the 16th of May, 1871; the trustees sold the lands on the 20th of June following to the Baltimore Mercantile Building Association; Van Reuth excepted to the sale on the ground that the Baltimore Mercantile Building Association had no corporate existence, (an issue which had been previously made in the cause before decree,) this exception was overruled, the sale ratified, and the trustees conveyed the premises to the Baltimore Building Association on the 18th September, 1872.

Hoopes, the complainant in one of the consolidated cases, instituted suit against Felix Van Reuth 20th June, 1871, in the Circuit Court for Baltimore County.

The defendant confessed judgment on the 24th September, 1872, a *fi. fa.* was issued and levied on the lands in question, and the same were afterwards sold and conveyed by the sheriff to the plaintiff, Catharine Van Reuth.

We think the effect of the decree in equity, is to estop all parties to the cause from denying any material fact put in issue in the same, and the plaintiff is therefore precluded from disputing the title of the defendants, so far as the same depends upon the decree, and the sale and conveyance in pursuance thereof, in the case to which she was a party.

"All persons who are represented by the parties, and claim under them or in privity with them, are equally concluded by the same proceedings." 1 *Greenleaf's Evi., sec.* 523; *Cecil vs. Cecil, et al.,* 19 *Md.,* 72; *Key vs. Dent,* 14 *Md ,* 86.

It follows from the foregoing, that the rulings of the Court below in the first, second and third exceptions were erroneous.

The fourth bill of exceptions is so ambiguous in its language that it is difficult to say, whether it was taken to the instruction given by the Court, "that the plaintiff was entitled to recover," and directing a verdict to be entered accordingly, or, to the refusal of the Court to admit the evidence of user of corporate privileges, by the Baltimore Mercantile Building Association, as evidence of their incorporation; it does not appear distinctly that such evidence was overruled, although the appellee's counsel argues that such evidence was clearly inadmissible.

The counsel of the appellants objected to this instruction on the ground that it decided the deeds on which the plaintiff's title depended, to be legally proved, when there was in fact an apparent defect in the acknowledgment of the deed from Davis, *et al.*, to Cooper under whom the plaintiff claimed. We have already disposed of this specific objection.

Regarding the instruction as equivalent to the exclusion of all the testimony offered on behalf of the appellants, it is for the reasons assigned in commenting on the preceding exceptions, in that aspect of the case alike erroneous.

It is unnecessary to prolong this opinion by examining the questions arising on the motion in arrest of judgment, as it must be reversed. Whatever defects may exist in the *narr.* can be amended before a second trial.

*Judgment reversed, and*
*cause remanded.*

(Decided 8th March, 1878.)