ELIAS YINGLING, *vs.* JOHN H. HOPPE.—*December* 1850.

To an action of false imprisonment, the defendant pleaded in justification, that he was sheriff and arrested the plaintiff by virtue of process; to this plea the plaintiff replied, that when so arrested he tendered a bail piece to defendant, which the latter refused to accept. HELD, that this replication was faulty, and could not be sustained.

A general demurrer opens not only the pleading demurred to, but the entire record, and judgment will be given against the party who commits the first fault: but there is an exception to this rule, where the replication to an insufficient plea, is not only defective in matter, but also shows that the plaintiff has no cause of action.

A plea justifying the arrest or imprisonment of the plaintiff, on the ground that defendant was sheriff at the time, need not answer such matters set out in the declaration, as would have given the plaintiff a good cause of action against a private person.

The plea of *son assault demesne* to a declaration from an assault and battery, need not traverse such matters alleged, as that " of his life it was greatly dispaired."

The absence of an *absque hoc*, or a *protestando*, or the want of an averment, that the trespass justified, is the same trespass that is complained of, cannot be taken advantage of on general demurrer.

A plea must either deny the cause of action or confess and avoid it, and if it do not confess the cause of action, the plaintiff may demur specially for that cause.

The fact traversed, should be so material and essential a part of the cause of action or defence, as denying it with success, will destroy the cause of action or defence.

Matters of aggravation need not be answered by the plea, and the plaintiff in a case like this must rely upon them in his replication, or there must be a new assignment.

APPEAL from *Carroll* county court.

The appellant, (the plaintiff below,) brought his action against the appellee, (the defendant below.) The declaration contains two counts. The 1st charges that the defendant, on, &c., with force and arms, at, &c., made an assault upon the plaintiff, and seized and forcibly pulled and dragged him out of a certain store house at, &c., and forced and obliged him to go to the court house at, &c., and then and there imprisoned him and kept and detained him in prison without reasonable

cause, for the space of four months, whereby the said plaintiff was greatly hurt and injured in his credit, &c. 2nd. That defendant made an assault upon the plaintiff, and beat, bruised, and ill treated him, and imprisoned him, and kept him in prison without reasonable cause for ten days, and wrongfully compelled him under terror of further imprisonment, to find securities and execute a bail piece, contrary to the laws of the State, and other wrongs to the said plaintiff did,; to his damage in the sum of $2000, for which he sues, &c.

The defendant pleaded two pleas: 1st *Not guilty,* and 2nd, a plea of *justification,* averring that at the time of the supposed trespass, he, (the defendant,) was sheriff of *Carroll* county, and arrested the plaintiff by virtue of a *capias ad respondendum,* issued out of said county court, and detained him in custody for one hour, part of the time alleged in the declaration, as it was lawful for him to do. The plaintiff joined issue on the first plea, and filed a replication to the second, averring that when the plaintiff was arrested by defendant in virtue of said writ, he offered sureties of common bail, and to give a bail bond with security for his appearance to the writ, which defendant refused to take, and unjustly and with force of arms detained him in custody, and did falsely imprison him until he was compelled to give special bail to obtain his release, all of which defendant had no right to do, and was an abuse of the process referred to in defendant's second plea.

To this replication the defendant demurred generally, which the court sustained and rendered final judgment thereon for the defendant, and that the plaintiff pay $4.93⅓ costs. From this judgment the plaintiff appealed.

The cause was argued before SPENCE, MAGRUDER and MARTIN, J.

PALMER, for the appellant, made the following points:

1st. The defendant's second plea is radically defective in this, that it does not answer the whole declaration and the charges therein contained; it does not pretend to answer or

justify the battery and wounding, nor the whole time charged of the unjust false imprisonment, &c.

2nd. On the demurrer the court will consider the whole record, and mount up to the first defect in substance, and give judgment against the party whose pleadings are first defective.

3rd. The plaintiff's replication is a good, legal, and valid reply to the second plea of the defendant as pleaded, upon which judgment ought to have been given for the plaintiff upon the demurrer.

DANIEL M. THOMAS and McLEAN, for the appellee, insisted:

1st. The second plea is good, because it answers the gist of the plaintiff's action.

2nd. If it be not good, it is so defective as to work a discontinuance of the action, on the plaintiff's replying to it, instead of taking judgment.

3rd. The replication is insufficient, because it is double;— because it is a departure;—and because it shows that the plaintiff has no remedy by this form of action.

4th. On the facts admitted by the pleading, the plaintiff has no remedy in this form of action, and the court will not send the case back: no matter whether they find the first slip to have been made by the plaintiff or defendant.

MAGRUDER, J. delivered the opinion of this court.

This action was brought by the appellant in *Carroll* county court. It is certainly an action of tresspass *vi et armis* and brought to recover damages done to the person of the plaintiff. It is to be regarded as an action of assault and battery, or perhaps rather of false imprisonment.

The second plea is a plea of justification, and tells us that the defendant was at the time the sheriff of the county, and had in his hands process which required him to arrest the plaintiff. The replication certainly is faulty: it finds the plaintiff's cause of action in a refusal by the defendant to take a bail piece when the plaintiff offered one to him.

The replication, it is not attempted to sustain, but the defendant having demurred to it, this demurrer we are told, has

the effect of opening to the court, not only the pleading demurred to, but the entire record, and judgment will be given against the party who commits the first fault. It would seem however, that there is an exception thereto to wit: when the replication to an insufficient plea is not only defective in matter, but also shows that the plaintiff has no cause of action. *Gould on Pleading*, *ch. 9, sec.* 39.

There are no doubt, many objections to this plea, if they had been made in the form of a special demurrer. But the plaintiff has put in a general demurrer, which prevents him from taking advantage of defects which have been noticed in the argument.

In an action of assault and battery, or false imprisonment, there will be usually found in the declaration many matters of aggravation, which it cannot be necessary to notice in a plea of justification. To a declaration for an assault and battery, if the defendant pleads *son assault demesne* he need not traverse such matters alleged, as that "of his life it was greatly despaired," so if he justify the arrest or imprisonment of the plaintiff, alleging himself to have been sheriff at the time, he need not answer such matters set forth in the declaration, as would have given the plaintiff a good cause of action, if the acts complained of, had been the acts of a private individual.

An *absque hoc*, or a *protestando*, in the proper places, certainly would improve this plea, but then the objections to be taken must be such as the party taking them, may avail himself of upon a general demurrer.

The most important omission perhaps in this plea, is the want of an averment, that the trespass justified, is the same trespass that is complained of by the plaintiff, yet it is not thought that of this omission advantage can be taken upon this general demurrer.

The authorities tell us that unless there be an estoppel the matter of the plea must be either a denial of the cause of action, or a confession and avoidance of it. See *Archbold's Civil Pleadings*, 200.

After giving us cases in illustration of this, he adds, p. 202.

"If the pleas do not confess the cause of action, the plaintiff may demur specially for that cause."

As to other objections which might be made, it may be answered, that although many things alleged ought to be traversed, yet the fact traversed should be so material and essential a part of the cause of action or defence, that denying it with success will have the effect of destroying the cause of action, or the defence altogether. *Archbold*, 187.

Matters of aggravation need not be answered. In a case like this, the plaintiff must rely upon them in his replication or there must be a new assignment.

JUDGMENT AFFIRMED WITH COSTS.