CHARLES W. LORD and GEORGE W. ROBINSON *vs.*
THE ESSEX BUILDING ASSOCIATION, No. 4.

*Construction of Article 26, sections 30, 31 and 32, of the Code of
Public General Laws—Certificate of Secretary of an Associa-
tion seeking incorporation—Compliance with provisions of the
Corporation Law as to capital stock and number of shares, not
a condition precedent to corporate existence.*

The certificate of the secretary of an association seeking incorporation, required
by Article 26, sections 30 and 31, of the Code, stated the copy of the consti-
tution furnished by him, to be a true copy, and that "the persons whose
names are thereto signed are members" of the association. HELD:

That this was a sufficient compliance with the statute.

A compliance with the provisions of Article 26, section 32, of the Code, is not
a condition precedent to the existence of a corporation. A violation of the
provisions of this section can only be made cause for affecting the corporate
existence by direct proceeding taken at the instance and in the name of the
State.

APPEAL from the Circuit Court of Baltimore City.

In this case, the property mortgaged to the appellee
was, upon default of the mortgagor, sold under a decree
of the Court; the sale was ratified, and the auditor stated
an account, awarding the entire fund in the hands of the
trustee, to the appellee. Prior to the report of the audi-
tor, the appellants filed their petition, claiming an allow-
ance out of the fund in the trustee's hands to satisfy a
judgment in their behalf against the mortgagor.

By direction of the solicitor for the judgment claimants,
the auditor stated another account, allowing the judg-
ment claim, and awarding the residue of the fund to the
appellee in part payment of its mortgage debt: to this
last account the appellee filed exceptions, and the appel-
lants excepted to the account first stated. The Court

overruled the appellants' exceptions to the *first* account, and finally ratified the same; from which order the exceptants appealed.

The certificate of the Secretary of the appellee, which the appellants claimed to be defective, is as follows:

I, August Reuter, Secretary of the Essex Building Association, No. 4, do hereby certify, that the aforegoing is a true copy of the Constitution of the Essex Building Association, No. 4, adopted by said Association on the second day of December, A. D. 1867, and that the persons whose names are thereto signed, are members thereof.

In testimony whereof, I have hereunto signed my name, and affixed my seal, this ninth day of December, eighteen hundred and sixty-seven.

AUGUST REUTER, [Seal.]
Secretary.

The opinion of the Court contains the other essential facts.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MILLER, ALVEY, and ROBINSON, J.

*C. L. L. Leary*, for the appellant.

A substantial compliance with the provisions of the general law constitute a condition precedent to the recognition in law of the appellee as a body politic. *Frost's Lessee vs. Frostburg Coal Co.*, 24 *Howard*, 281, 283; *Harris vs. McGregor*, 29 *Cal.*, 124; *Field vs. Cooks*, 16 *La. An.*, 153, 154; *Mokelumne Co. vs. Woodbury*, 14 *Cal.*, 424; *Selma, &c. R. R. Co. vs. Tipton*, 5 *Ala.*, 787; *Wheadon vs. Peoria R. R. Co.*, 42 *Ill.*, 494; *Oroville R. R. Co. vs. Plumas Co.*, 37 *Cal.*, 354; *Basshor vs. Dressel*, 34 *Md.*, 509.

The principle declared in *Taggart vs. Western Md. R. R. Co.*, 24 *Md.*, 596, is not applicable to this case. The objection here is urged by a judgment creditor, between whom and the appellee there is no privity of contract. The argument here is not that the appellee, as a corporate body, has misused or abused its corporate powers, but that it was never legally invested with a corporate character; the record by which this is sought to be legally effected is fatally defective. This objection may be insisted on by a judgment creditor of the mortgagor, whose cause of action accrued before the appellee, as a corporation, had a legal existence, if it ever had any, and whose action against the mortgagor was pending when the mortgage was executed.

In this case the provisions of the 30th and 31st sections of Article 26 of the Code, have not been complied with. The certificate of the secretary of the association is fatally defective. He does not certify that the persons whose names are signed thereto actually did sign it. The record therefore furnishes internal evidence of the verity of the copy, and of the membership of the persons whose names are subscribed, but it does not prove the signatures of these members, and this is required by the 31st section of the general law. *Harwood vs. Marshall*, 9 *Md.*, 86, 103.

The third article of the alleged charter of the appellee, is directly repugnant to the 32d section of Article 26 of the Code. The legal effect of this conflict between the positive requirements of the general law and the provisions of the articles of association is, as against these appellants, to deprive the appellee of its standing in Court. *Hughes vs. Antietam Manuf'g Co.*, 34 *Md.*, 324.

The doctrine announced in *sections* 94 *and* 777 *of Angell & Ames on Corporations*, that "a cause of forfeiture cannot be taken advantage of or enforced against a corporation collaterally or incidentally," &c., is not questioned.

But the question involved in this case is entirely dis-

tinct from that determined by the authorities cited by the above named authors. They will be found to apply to cases where the association whose acts had been questioned, had, either by statute or general laws, been actually endowed with corporate capacity, and the legal difficulties involved, arose out of irregularities in organizing the body politic under the charter, or out of proceedings showing misuser of powers or violations of duty granted or prescribed by the charter. The distinction is palpable. The appellee never had a corporate existence ; there was no charter to forfeit.

Neither does the principle announced by this Court, in *Franz vs. Teutonia Building Association*, 24 *Md.*, 270, apply to this case. The appellants here are judgment creditors, occupying a legal position with reference to the mortgage debtor, entirely independent of the appellee.

*Thos. W. Griffin,* for the appellee.

No condition precedent was necessary to enable the appellee to exercise its powers, except to lodge with the Clerk of the Superior Court of Baltimore City, a copy of its Articles of Association, signed by at least seven members and certified by the secretary thereof. The law was strictly complied with in this respect. The vitality of the appellee was complete and perfect, and every presumption will be made to sustain it. *Hagerstown Turnpike Co. vs. Creeger*, 5 *H. & J.*, 125 ; *Busey, et al. vs. Hooper, et al.*, 35 *Md.*, 30.

Even if the corporation charter be incorrect, the contracts of the corporation are not therefore void, they are only voidable. Unless the deed of incorporation be a nullity, the body corporate exists. The validity of that deed is an issue collateral to the effect of the mortgage in this case, and the two issues cannot be tried at the same time.

ALVEY, J., delivered the opinion of the Court.

The mortgage to the Building Association, the appellees, was made on the 16th of April, 1868, and the decree thereon for sale of the mortgaged premises was passed on the 5th of June, 1871. The judgment in favor of the appellants against the mortgagor was rendered on the 27th of June, 1868; and the question is, as between these mortgage and judgment creditors, which have priority in the distribution of the proceeds of sale? and this depends upon the further question, whether the appellees have been legally incorporated, so as to enable them, in their corporate capacity, to take and enforce the mortgage security as against the judgment creditors of the mortgagor, the judgment constituting a lien on the estate mortgaged?

The right of the appellees to take the benefit of the mortgage, as against the appellants, is resisted on the ground that they have not been legally incorporated;— that there is, as supposed, a radical defect in the proceedings necessary, under the law, to confer upon them corporate capacity.

The appellees claim to have been regularly incorporated under and in pursuance of the 30th and 31st secs. of the 26th Art. of the Code. By the latter of these sections it is provided, that before any such association shall become a corporation, they shall lodge with the clerk of the county, or the city, as the case may be, in which such corporation is designed to act, a copy of the articles of association of such corporation, signed by at least seven members, *and certified by the secretary thereof*, to be recorded in the office of such clerk. The defect that is supposed to exist in this case, consists in the omission of the secretary, who certified the copy of the articles of association for record, to certify to the fact, that the seven members whose names appear to the articles did in truth sign the same. The secretary certified that the

copy of the articles lodged in the clerk's office for record was a true copy, "and that the persons whose names are signed thereto are members" of the association. But it is insisted, that as the parties named could have been members without signing the articles of association furnished for record, the secretary should have done more than he did; that he should have certified that the members named, did in fact, sign the articles; and because of his omission to do so, the association altogether failed to obtain a corporate character or capacity, as they intended, and that, therefore, they cannot maintain their claim as against the appellants.

There is certainly no doubt of the general proposition as contended for on the part of the appellants, that where a corporation is created by statute, or under a general statute as in this case, which requires certain acts to be done before it can be considered *in esse*, there those acts must appear to have been done, in order to establish the corporate existence. *Ang. & Am. on Corp.*, sec. 83. For, as was said by the Court in the case of *Agnew vs. The Bank of Gettysburg*, 2 *H. & G.*, 493, "Upon authority it is clear that the plaintiff, to maintain his case, must shew that by law he has been *effectually* created a corporation."

Such being the requirement, have the appellees shewn that it has been complied with? We think they have. The certificate of the secretary would seem to embrace by fair construction, every fact essential to entitle the parties associating, to have their articles or constitution recorded, and to become endowed with the faculties and capacity of a corporation. The copy of the articles furnished for record by the secretary, who was the agent of the association, is certified by him to be a true copy, and that the parties whose names appear thereto, are members. We are not to assume, that those names were forged, or that they were signed without authority. We should rather presume the contrary. As we read the

certificate, it imports that the names were properly signed to the articles, for the purpose of gratifying the requirement of the law. If indeed the parties, whose names appear to the articles, were members, and consented to, or acquiesced in the action of the secretary, in furnishing the copy of the articles for record, as we must suppose they did, it is difficult to imagine under what circumstances they could ever be heard to controvert the fact of their names being properly signed to such articles. Such question could certainly never arise in any mere collateral proceeding.

It is supposed, however, that the omission of the secretary to certify to the signing of the articles by the seven members whose names appear thereto, is not the only defect which involves the validity of the incorporation of the appellees. By the 32d section of the Article of the Code before referred to, it is provided, that any corporation formed under the preceding section shall have power to declare in their articles of association the number of shares, not exceeding one thousand, of which its capital stock shall consist, the par value of the same, not exceeding four hundred dollars per share. In disregard of this provision of the statute, the appellees, in their articles of association, provided that the number of shares should be indefinite; and that each member could hold as many shares as he liked; but that he should have but one vote.

But, in our view, whatever may be the true construction of this particular provision of the statute, as to the necessity of making the articles of association conform to it, it does not prescribe a condition precedent to the existence of the corporation itself. The only conditions precedent are those prescribed by the sections 30 and 31, before referred to. Upon doing the acts there prescribed, it is expressly declared that the association shall "be considered a body politic and corporate, and as such shall be

Lord & Robinson *vs.* Essex Building Ass'n, No. 4.

capable to hold and dispose of property, both real and personal, and may choose presiding and other officers.'' Whether all the provisions that may be incorporated into the articles of association exactly conform to law, is a question that is not, by any means, necessarily or properly involved in the inquiry, whether the association has acquired corporate existence or not? Many of the provisions in such articles may be found to be without the warrant of law, and still the corporation exist, and be capable of exercising the rights and franchises conferred upon it by law. Such question as that here attempted to be made, cannot arise in any mere collateral proceeding like the present. In any proceeding to enforce and give effect to a provision incorporated into the articles of association in conflict with or not justified by law, another and a different question would be presented. But, if the law has been violated in the particular supposed, it can only be made cause for affecting the corporate existence by direct proceeding, taken at the instance and in the name of the State, and of the State alone. *The Regents vs. Williams*, 9 *Gill & Johns.*, 365, 426 ; *Cochran, et al. vs. Arnold, et al.*, 58 *Penn. St.*, 399.

As we perceive no error in the order appealed from, it will be affirmed, with costs.

*Order affirmed, with costs, and*
*cause remanded.*