## SARAH BABYLON *vs.* AMOS DUTTERA.

*Evidence of Estoppel in Pais—Limitations—Acknowledgment of .
Debt by Testimony in Another Case—Effect of Judgment in Re-
plevin for Promissory Notes.*

The facts which constitute an estoppel *in pais* are admissible in evi-
dence without being specially pleaded.

In an action against a maker by the assignee of certain promissory
notes, where limitations are pleaded, an acknowledgment made by
the defendant when giving his testimony in an equity cause that he
executed the notes in question, and that they have not been paid,
is sufficient to remove the bar of the statute.

The assignee of certain promissory notes recovered them from the
maker in an action of replevin, where judgment was rendered by con-
fession. *Held,* that in an action on the notes against the maker, the
record of the replevin suit is not competent evidence to show an ad-
mission of the debt evidenced by the notes, since the judgment in
replevin determined only the right to the possession of the pieces
of paper on which the notes were written.

Appeal from the Circuit Court for Carroll County (JONES,
J.)

The cause was argued before McSHERRY, C. J., FOWLER,
BRISCOE, PAGE, BOYD and SCHMUCKER, JJ.

*James A. C. Bond* and *Francis Neal Parke,* for the appel-
lant.

*William H. Thomas* (with whom was *John M. Roberts* on
the brief ), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an action at law instituted in the Circuit Court
for Carroll County, by the appellant against the appellee, to
recover on three promissory notes executed by the appellee
to one William Babylon, and assigned by him to the appel-
lant. The defence relied upon in the Court below was
limitations. The exceptions relate principally to that ques-

tion, and to the granting of the defendant's prayer, which
was as follows: That there is no legally sufficient evidence
in this cause to remove the bar of the Statute of Limitations
pleaded by the defendant, and the verdict of the jury must
be for the defendant.

The first question is raised by the defendant's demurrer
to the plaintiff's replication No. 1, to defendant's third plea,
which is the plea of limitations.

The demurrer to this replication was sustained, but, even
if there was error in the ruling of the Court on the de-
murrer, it would not furnish ground for the reversal of the
judgment, because, conceding that the facts stated in the
replication constitute an estoppel *in pais*, it could have been
given in evidence under the other pleadings in the case.
*Higgins* v. *Carlton*, 28 Md. 127; *Brooke* v. *Gregg*, *ante*,
p. 234.

In *Alexander* v. *Walter*, 8 Gill, 274, it is said: "Such es-
toppels cannot be pleaded, but are given in evidence to the
Court and jury, and may operate as effectually as a tech-
nical estoppel, under the direction of the Court." *Ying-
ling* v. *Hoppe*, 9 Gill, 313.

The remaining questions arise upon the rulings of the
Court on the admissibility of certain record evidence to
prove an admission and acknowledgment by the defendant
of the debt in question, within the statutory period.

It appears from the record that by the first and second
exceptions, the plaintiff offered in evidence the record in the
Circuit Court for Carroll County, being Equity No. 3192
on the docket of the Court, and to read the bill in that
cause, and the printed record to the jury. And especially
to read the depositions to the jury of Amos Duttera, and
interrogatories six, seven and eight, contained on page 89
of the printed record in respect to the third replication,
and offered to follow proof with evidence identifying the
notes in suit as included among those referred to in the
record, and of which the witness was being examined, and
that Amos Duttera, whose depositions appeared therein, is

the same person as the defendant in this case, the plaintiff stating that the evidence is offered to support his joinder on the third plea.

The depositions of Amos Duttera, referred to in No. 3192 Equity, are as follows, and were taken on the 29th of April, 1895.

" Int. 6. Had you ever borrowed from William Babylon in his lifetime any sum of money for your own benefit? If yes, how much, how long ago, and did you repay him.

"Ans. I might have borrowed several hundred dollars. It was inside of ten years of his death, but I repaid him.

" Int. 7. Explain what the notes, which have been mentioned in this cause as having been given by you to Mr. Babylon, and assigned to Mrs. Babylon, were for, and how they happened to be given?

"Ans. They were given for money which I put out for him. I mean invested for him. I wanted to give him the notes of the parties to whom I had lent the money, and he told me he did not know the parties, and I should give him my obligations, as I would have to attend to it at any rate.

" Int. 8. Was anything said to him by you of his having assigned these notes?

" Ans. At April, when the interest was paid, I always credited the interest paid on them myself; and the last April I paid the interest, I think it was April, 1893, I told him I did not think he would assign those notes of mine to anyone, or I would have paid them off. He told me he had not assigned them. I told him that he certainly had, because they were assigned. He said if they were he knew nothing of it, that he had assigned one long ago, but his wife, meaning Sarah Babylon, gave him no rest until he did. I asked him how he expected to pay Martha's note, she held against him? He replied, ' I reckon there is property enough for that too.' That was about all the conversation that took place at that time."

Now, what is sufficient in this State to remove the bar

of the Statute of Limitations is well settled.    In *Wilmer* v. *Gaither*, 68 Md. 345, it is distinctly said : " In this State, as in England, there must be shown to exist one of three things to take a case out of the operation of the Statute of Limitations : First, an admission or acknowledgment by the debtor of a subsisting debt, from which a promise to pay may be implied ; secondly, an unconditional promise to pay the debt ; or thirdly, a conditional promise to pay the debt and evidence which shows that the condition has been performed or gratified." Here is not only evidence tending to show an acknowledgment by the defendant Duttera, that these notes were executed by him to Babylon, and the consideration was for money which he had invested for him, but there is the additional admission and statement, if he had known that the notes would have been assigned, he, Duttera, would have paid them off. These declarations and admissions, if believed by the jury, constituted a recognition and acknowledgment of the existence of a present subsisting debt and should have been submitted to the jury.

In the third, fifth and sixth exceptions the plaintiff offered to prove that these notes had been delivered to the defendant upon a promise to return them ; that in a replevin proceeding to recover these notes, the defendant had confessed a judgment in favor of the appellant for the notes in suit. It appears from the record, that the plaintiff offered to read in evidence the record in the Circuit Court for Carroll County, and docket entries and judgment in the replevin suit mentioned in evidence, and offered to follow it up with evidence that the parties in the replevin suit and case at bar are the same persons ; that the notes mentioned in the *narr.* in the case at bar are identical with three notes mentioned in the record in the replevin suit ; that the note mentioned as for seventeen hundred and fifty dollars in the declaration of suit at bar, is the note mentioned for seventeen hundred dollars in the replevin suit, and that the words seventeen hundred, or figures, in *narr.*, in replevin suit, is a clerical error for seventeen hundred and fifty dollars ; and further,

to follow this proof with legally competent proof that the plaintiff had and claimed no other right to the three notes in suit—bar mentioned, than that of the owner thereof, both at the institution of replevin suit and continuously to this time. There was no error in the ruling of the Court in excluding the evidence offered in these exceptions.

The action of replevin in this case was for the purpose of trying the right of possession, and did not in any way determine the liability of the defendant in the notes. The judgment, therefore, determined nothing beyond the right of possession. *Lamotte* v. *Wisner*, 51 Md. 543.

For the reasons we have given, the judgment below will be reversed and a new trial awarded.

> *Judgment reversed, and new trial*
> *awarded with costs.*