# THE NATIONAL SHUTTER BAR COMPANY *vs.* G. F. S. ZIMMERMAN & COMPANY.

*Bonus Tax on Corporations—Action For Libel Published Against Corporation Before Payment—Pleading— Estoppel—Libel on Unincorporated Association.*

Under Code, Art. 81, Sec. 98, the payment of the bonus tax is a condition precedent to the possession of any corporate powers or to the legal existence of all corporations there enumerated.

A corporation cannot maintain an action for libel upon it published after its organization but before it paid the bonus tax imposed by Code, Art. 81, Sec. 98, as a condition precedent to the corporate existence of certain classes of corporations.

In an action of libel by a corporation, the defense that at the time of the publication of the libel, the corporation had not paid the bonus tax and was therefore not legally constituted is properly pleaded by way of traverse and not in abatement,

for the plea does not interpose an objection to the further progress of the suit but it denies the existence of the cause of action itself.

The Act of 1908, Chap. 240, Sec. 6, relating to formal defects in certificates of incorporation was not intended to cover cases where through neglect there has been no attempt to comply with important requirements of the law which by express terms are made conditions precedent to the possession or use of any corporate franchises.

A corporation cannot be created by estoppel. The fact that one writes letters to an organization as a corporation and brings suit against it does not estop that person from alleging that the corporation had no valid corporate existence.

Members of an unincorporated association may sue for a libel on it as individuals having a common interest in the business alleged to have been injuriously affected by the libel.

*Decided March 23rd, 1909.*

Appeal from the Circuit Court for Carroll County.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE and HENRY, JJ.

*Guy W. Steele* and *Leo Weinberg* (with whom were *Frank L. Stoner, F. Marion Faubel* and *P. Frank Pampel* on the brief), for the appellant.

*Hammond Urner* and *Francis Neal Parke* (with whom was *Jas. A. C. Bond* on the brief), for the appellees.

SCHMUCKER, J., delivered the opinion of the Court.

The vital question presented by this appeal is whether a corporation, which did not pay its bonus tax until after the publication of an alleged libellous circular letter, can recover damages in an action on the case against the publisher of the letter, for libel. The further question whether the defendants were estopped, by certain conduct on their part, from

relying on the non-payment of the bonus tax as a defense to the action is also presented by the record. We will consider both questions.

The suit was instituted, on August 29th, 1906, in the Circuit Court for Frederick County, by the National Shutter Bar Company, as a body corporate, against the appellees, as co-partners trading as G. F. S. Zimmerman & Co., and after two removals it reached the Circuit Court for Carroll County where the judgment of *non pros,* from which the appeal was taken, was entered on the 8th of December, 1908. The alleged cause of action was the issue by the defendants on the 2nd day of July, 1906, of a circular letter to various persons and firms, doing business with them and also with the plaintiff company, stating that certain shutter bars, which were then being manufactured and sold by that company, were direct infringements of patent rights owned by the defendants, and giving notice that all sellers and users of the bars would be prosecuted for the infringement. We will assume, for the purposes of this opinion, without however so deciding, that this circular letter was libellous in character.

The pleadings in the case were protracted and voluminous and the record bristles with demurrers and exceptions. There were four successive declarations, one original and three amended ones, whose claims for damages grew from $20,000, in the first one to $50,000 in the last. They were separately demurred to. Then, in response to demands from the defendants, the plaintiff filed in succession four bills of particulars, to each of which exceptions were filed. To discuss in detail the technical questions of pleading thus raised would be academic and useless, as the defense of the non-existence of the plaintiff corporation at the date of the publication of the alleged libellous letter, which was presented in the manner hereinafter mentioned constituted a fatal obstacle to a recovery by the plaintiff.

The defendants' demurrer to the third amended declaration having been overruled, they filed seven pleas, the last

one of which interposed the defense to which we have re-
ferred, by averring that the corporation bonus tax had not
been paid by the plaintiff when the alleged libellous letter was
issued. The plaintiff demurred to that plea but the Court
overruled the demurrer. Thereupon the plaintiff filed a
replication to the plea, admitting that the bonus tax had not
been paid at the time therein alleged, but averring that it had
been paid on the 6th of August, 1906, before the institution
of the suit and further averring that the defendants were
estopped from denying the corporate existence of the plain-
tiff at the time of the publication of the letter complained of,
because they had recognized its existence by directing letters
to it as a corporation and by referring other persons to it as
such for information, and by procuring one of their number
to sue it as such, in the Circuit Court of the United States
for the District of Maryland. The defendants demurred to
this replication and the Court sustained their demurrer. The
plaintiff then tendered for filing a second replication assert-
ing its incorporation under the general laws of the State on
the 11th of December, 1905, by the filing of its duly ap-
proved certificate of incorporation in the office of the clerk of
the Circuit Court for Frederick County, and that thereupon
the persons named in the certificate to serve as directors for
the first year proceeded to and did duly organize and carry
on the business of making and selling of shutter bars, and
that *on the 6th of August, 1906,* it paid its bonus tax. It
then alleged the issue by the defendants of the circular letter
and averred that in consequence thereof it had suffered great
loss and damage on and after 6th of August, 1906. To this
replication the defendants interposed a motion of *ne recipia-
tur,* which the Court sustained. A rule to plead further was
then laid upon the plaintiff and upon its refusal to comply
with the rule, the Court entered the judgment of *non pros*
against it from which the appeal was taken.

Without pausing to inquire whether the first of these two
replications was open to objection for duplicity, we will con-

sider whether either of them constituted a sufficient reply to
the 7th plea.  In this connection it may be premised that the
non-payment of the bonus tax was properly pleaded by way
of traverse and not in abatement, for the plea did not inter-
pose an objection to the further progress of the suit, but it
denied the existence of the cause of action itself.   The theory
of the plea is that the plaintiff corporation had not been
created at the time of the commission of the wrong in the
declaration alleged and therefore could not have been injured
by it.

The effect upon corporate existence of the non-payment of
the bonus tax, required by Art. 81, sec. 98 of the Code to be
made as an essential step in the formation of corporations of
the class to which the present plaintiff belongs, has received
repeated consideration at the hands of this Court and is no
longer an open question.  *Maryland Tube Works* v. *West End
Improvement Co.,* 87 Md. 207; *Cleaveland* v. *Mullin,* 96 Md.
598; *Murphy* v. *Wheatley,* 102 Md. 501; *State* v. *Con. Gas
Co.,* 104 Md. 364.  The tenor and effect of these decisions was
well expressed by the late CHIEF JUSTICE MCSHERRY speak-
ing for the Court in *Cleaveland* v. *Mullin, supra,* where he
said: "Sec. 88 F (now sec. 98 of Art. 81 of the Code) pre-
scribes the payment of the bonus tax as a condition precedent
to the possession or exercise by any corporation, other than
the excepted classes, of any corporate powers.  No company
'shall have,' that is possess, 'or exercise,' that is use, 'any
corporate powers until said bonus tax has been paid.'   It
would be difficult to frame a more emphatic or sweeping con-
dition precedent."  *  *  *  "That sec. 88 F imposes a con-
dition precedent is no longer an open question in this State.
*Md. Tube Works* v. *West End Imp. Co.,* 87 Md. 215.   'There
is certainly no doubt that, where a corporation is created by
statute or under a general statute  *  *  *  which requires
certain acts to be done before it can be considered *in esse,*
there those acts must appear to have been done in order to
establish the *corporate existence.'   Lord* v. *Essex Bldg. Assn.,*

37 Md. 325. No less emphatic is the case of the *Franklin Fire Ins. Co.* v. *Hart,* 31 Md. 59."

The cases to which we have referred were cases in contract but on principle the same rule should be applied to cases in tort. In the *Maryland Tube Works* v. *West End Imp. Co., supra,* this Court cited with approval and relied on, in support of the proposition that statutory conditions precedent must have been complied with to give *existence* to corporations formed under general laws, the case of *Jones* v. *Aspen Hardware Co.,* 21 Colo. 263, which was an action of replevin. The Colorado statute required the payment, by persons forming a corporation under its provisions, of a fee to the Secretary of State "for incorporation and certain other privileges" and further provided that no such corporation "shall have or exercise any corporate powers or be permitted to do any business in this State until the said fee shall have been paid." It was there held that the corporation had no title to the property it sought to replevy, which had been conveyed to it before it had paid the fee required by the statute and thereby come into existence as a corporation. See to same effect as to necessity of compliance with statutory conditions precedent to give *existence* to corporations, 10 *Cyc.,* p. 227; 7 *A. & E. Encycl.,* p. 655.

The authorities agree that in order to maintain an action for libel or slander it must appear that the defamatory words refer to some ascertained or ascertainable person, and that person must be the plaintiff. *Odgers on Libel & Slander,* 126, 137; *Frazer on Libel & Slander,* 5; *A. & E. Encycl. of Law,* 2nd Ed., Vol. 18; p. 994 and cases there cited; *Avirett* v. *State,* 76 Md. 570. "And where words are actionable only because of their effect on the plaintiff in his profession, trade or business there must be a distinct allegation that the plaintiff was, at the time of such scandal, in such profession or exercising such calling." *Dicken* v. *Shepherd,* 22 Md. 416. How can it possibly be said in the present case that the alleged defamatory circular referred to the plaintiff corpora-

tion when that corporation was not in existence at the time the circular was published or how could it be truthfully alleged that the plaintiff, which did not then exist, was at the time engaged in the business for the injury to which the damages mentioned in the declaration are claimed?

The appellants' counsel, on their brief and at the hearing of the appeal, invoked in its behalf the provisions of sec. 6 of Chap. 240 of the Acts of 1908, and contended that it was intended as an enabling or curative act to counteract the effect of the decisions of this Court to which we have referred construing the 98th sec. of Art. 81 of the Code, and that since its passage the defense set up in the 7th plea could no longer be relied on. We do not regard this contention as sound.

Sec. 6 provides that: "No certificate of incorporation shall be declared void for formal defects merely; and where an effort has been made in good faith to form under the laws of this State a corporation formable thereunder, neither party to any transaction with it shall deny the legality of its incorporation or organization in any suit or proceeding growing out of such transaction; and "transaction" shall include any wrong to person or property giving rise to a cause of action or equitable relief against such corporation." We do not think that the defense under consideration to the present suit comes within either the letter or the spirit of that section.

In the first place the plea does not deny the legality of the plaintiff's incorporation or its right to sue or be sued. It merely says that the plaintiff had not yet become incorporated or come into existence when the letter complained of was issued and was therefore not injured by the publication. There is no republication alleged in any of the declarations filed in the case. In the second place the obvious purpose and spirit of sec. 6 is to save the incorporation of persons who have in good faith made an effort to comply with the requisites of the corporation laws of the State but whose compliance turns out to have been in some respects irregular or informal. It was not intended to cover cases where through

indifference or neglect there has been no attempt at all to comply with important requirements of the law which by its express terms are made conditions precedent to the possession or use of any corporate franchises. Sec. 98 of Art. 81 of the Code, which imposes the payment of the bonus tax on corporations, provides that the tax "shall be due and payable upon the incorporation of said company." In the present case the plaintiff asserts that it was duly incorporated on the 11th day of December, 1905, and that the persons named in its certificate to act as directors for the first year forthwith met and organized and proceeded to carry on the business of making and selling shutter bars, but it is nowhere averred by it that it made any effort or attempt *bona fide* or otherwise to pay its bonus tax until the 6th of August, 1906.

Nor do we think that the alleged estoppel relied on in the first replication to the 7th plea was a valid one. It is essential to the validity of an estoppel that the party setting it up must have acted or relied to his prejudice on the conduct or representations constituting it, which the replication does not allege that the plaintiff has done. Furthermore the estoppel, if it was one, was an estoppel *in pais* which cannot be pleaded although it may be given in evidence and thus made operative under the direction of the Court. *Poe's Pleading,* Vol. 1, sec. 696; *Alexander* v. *Walter,* 8 Gill, 247; *Babylon* v. *Duttera,* 89 Md. 444; *Albert* v. *Freas,* 103 Md. 591.

The subject to which the alleged estoppel related was the corporate existence of the plaintiff on July 2d, 1906, when the circular letter was published. We have already said that it had at that time no legal corporate existence. It has been held by our predecessors that a corporation cannot be actually or virtually created by estoppel in Maryland. In *Boyce* v. *Trustees of M. E. Church,* 46 Md. 373, it is said: "The statute law of the State expressly requiring certain prescribed acts to be done to constitute a corporation, to permit parties, indirectly or upon the principle of estoppel, virtually to create a corporation for any purpose, or to have acts so construed, would be in manifest opposition to the statute law,

and clearly against its policy, and justified upon no sound principle in the administration of justice."

In *Md. Tube Works* v. *West End Imp. Co.,* 87 Md. 218, this Court cited with approval the above quotation from *Boyce's Case,* as it also did the statement from the opinion in *Jones* v. *Aspen Hardware Co., supra,* that: "The doctrine of estoppel cannot be successfully invoked unless the corporation has at least a *de facto* existence. A *de facto* corporation can never be recognized in violation of a positive law. There is a broad distinction between those acts made necessary by the statute *as a prerequisite to the exercise of corporate powers* and those acts required of *individuals seeking incorporation* but not made pre-requisites to the exercise of such powers."

When the circular letter complained of was issued the persons engaged in the business of manufacturing and selling shutter bars, mentioned in the declaration in this case, were not without remedy, although they had at that time no corporate existence, because of failure to pay the bonus tax. They being then members of an unincorporated association might have brought suit for the libel, if such it were, as individuals having a common interest in the business alleged to have been injuriously affected by the issue of the circular letter complained of. That right was distinctly recognized in *Mears* v. *Moulton,* 30 Md. 142; and, in *Littleton* v. *Wells & McComas Council,* 98 Md. 455, it was held that the right of the members to maintain such suits existed at common law as well as under sec. 301 of Article 23 of the Code of Public General Laws as it then stood, although it may be doubted if a statutory right in the members to so sue could be successfully asserted since the passage of Chap. 240 of the Acts of 1908, which made material changes in Art. 23 of the Code.

For the reasons mentioned by us, neither of the plaintiff's replications to the defendants' seventh plea to the third amended declaration constituted a sufficient reply thereto. There was consequently no error in sustaining the demurrer to the first replication or the motion *ne recipiatur* to the sec-

ond one or in entering the judgment of *non pros* which must be affirmed. As the plaintiff is in our view of the case not entitled to recover no new trial will be granted.

> *Judgment affirmed with costs without a new trial.*