(Decided 25th March, 1879.)

---

# John W. Wilson & Son *vs.* Joseph G. Wilson, and others.

*Time within which a Mechanic's Lien Claim must be Filed.*

Where a mechanic's lien claim was filed against four houses for materials alleged to have been furnished for them, and the proof failed to establish with sufficient certainty the delivery by the lienors of any materials for any of the houses sought to be affected by a lien, within six months before a claim for a lien was filed. Held:

That the proceedings to enforce the lien claim had not been taken in time.

Appeal from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J.

*Samuel Snowden,* for the appellants.

*William Rowland,* C. D. Barnitz and *Henry Stockbridge,* for the appellees.

BRENT, J., delivered the opinion of the Court.

The bill in this case was filed to enforce a lien for materials, alleged to have been furnished for four houses on Lexington Street. Upon final hearing the Circuit Court dismissed the bill, and the complainants have appealed to this Court.

The lien was filed on the 15th of June, 1874, and unless the delivery of the materials as charged on and after the 15th of December, 1873, or some of them, is sufficiently proved, the lien is too late, not being within six months.

The burden of proof is upon the complainants, who are the appellants, to show satisfactorily the delivery of these materials and their use in some one of the houses sought to be charged with the lien, and also, to bring the whole account filed within date, to show that the delivery was under the same original and continuing contract under which the previous materials had been furnished.

The house, 601, was sold, by the builder Joseph G. Wilson, to James E. Tyler, in 1873, and on the 14th of April, 1873, it was released "from all claims of lien for materials heretofore furnished, and also for any to be furnished to the final completion," the appellants, among others, signing the release.

This clearly excepts that house from the operation of this lien, and has also the effect of releasing the other buildings from any charge or liability in consequence of material being furnished for it, either before or after the release.

The house, 599, was sold to Harriet S. Heath, on the 23rd of July, 1873. She moved into it the following October, and has continued to occupy it from that time.

The house, 597, was also sold to Harriet S. Heath, it being purchased by her in November, 1873.

And the house, 595, was sold to Cornelius Stribling, in September, 1873.

The testimony shows, that of these houses, No. 601 was the last house finished.

Even if the proof in the case can be considered sufficient to establish the delivery of any material by the appellants on or after the 15th of December, it is only of the most general character, and fails to designate the house or houses for which it was delivered and used. As the house, No. 601, was the last finished, it may reasonably be inferred, it was for that house that the last material was furnished. If so, such delivery has not had the effect of charging a lien upon the other houses, for as by the terms of the release it was not to create a lien upon that house, it cannot be seen how it could effect a lien upon the others.

The presumption that the material charged after December the 15th, was not delivered for either of the houses, Nos. 595, 597 and 599, is corroborated by other testimony in the case. It establishes the fact that these houses had been finished and completed, the last one before November, 1873. As to two of them particularly, the proof is positive that no material had been furnished for them since that date.

We have very patiently and carefully examined the proof, and have failed to find any, which establishes with sufficient certainty the delivery of any materials by the appellants, for either of the houses sought to be affected by a lien, within six months before the claim for a lien was filed.

In this state .of the case we cannot hold, that the proceedings to enforce the lien claimed have been taken in time.

This of .course· is the end of the case; and the other more intricate questions presented in the argument become unnecessary and unimportant.

*Decree affirmed.*

