ATLANTIC MILL & LUMBER REALTY CO. *v.*
EDWARD KEEFER ET AL.

[No. 26, April Term, 1941.]

*Decided May 25, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS and FORSYTHE, JJ.

*Frederick H. Hennighausen,* with whom was *Charles F. Stein, Jr.,* on the brief, for the appellant.

*Louis J. Jira,* with whom was *John S. Mahle* on the brief, for the appellees.

COLLINS, J., delivered the opinion of the Court.

The Atlantic Mill & Lumber Realty Company, Incorporated, a body corporate, on April 29th, 1939, filed a mechanics' lien in the Circuit Court for Baltimore County against certain lots of land and a bungalow erected thereon in Baltimore County, and on the same day filed a bill of complaint to enforce the said mechanics' lien, asking that the property described in the mechanics' lien claim be sold and the money distributed among the lienors thereof under the order and direction of the court. On June 10th, 1939, a demurrer to the bill of complaint was filed, and on December 14th, 1939, an order of court was passed sustaining the demurrer with leave to file an amended bill of complaint, and on the same day an amended bill of complaint was filed. On March 4th, 1940, a demurrer was filed to that bill of complaint and on April 25th, 1940, an order was passed overruling the demurrer with leave to answer, and an answer was filed on May 11th, 1940. On June 20th, 1940, the said Atlantic Mill & Lumber Realty Company, Incorporated, filed a petition alleging, among other things, "That Your Petitioner has just discovered that the Mechanics' Lien is not in proper form inasmuch as the proper parties are not correctly named therein, and that accordingly the Bill of Complaint aforesaid, to enforce the same, is also not in proper form." The petitioner asked the court to allow it to file an amended bill of complaint in the case and for other and further relief. The petitioner did not ask authority to file an amended mechanics' lien. An order was passed on June 21st, 1940, authorizing the petitioner to file an amended bill of complaint. On August 2nd, 1940, an amended mechanics' lien was filed by "Herman M. Meyer, trading as the Atlantic Mill & Lumber Company," for the same amount and against the same property. On the same day an amended bill of complaint was filed by "Herman M. Meyer, trading as the Atlantic Mill & Lumber Company," alleging, among other things, "That he is a resident of the City of Baltimore, in the State of Mary-

land, engaged in the manufacturing and sale of lumber, millwork and building material, trading as the Atlantic Mill and Lumber Company. * * * That the said sum of money as aforesaid owing to Your Complainant for lumber, millwork and material furnished being due and unpaid on or about the 8th day of January, 1938, the Atlantic Mill and Lumber Realty Company, Incorporated, filed in the Clerk's Office of the Circuit Court for Baltimore County, a claim for mechanics' lien against the said building, the ground upon which it is erected, and so much other ground immediately adjacent thereto and belonging in like manner to the owners of said building as may be necessary for the ordinary use and purpose of said building, that subsequently it was discovered that the wrong lien claimant was set forth in said mechanics' lien claim, and that thereafter to wit on the 16th day of July, 1940, the said Herman M. Meyer, trading as Atlantic Mill and Lumber Company, filed in the Clerk's Office of the Circuit Court for Baltimore County an amended mechanic's lien, a certified copy of which is filed herewith, marked Plaintiff's Exhibit 'AA'." The amended bill of complaint prayed for a decree for the sale of the property described in the amended mechanic's lien claim and the distribution of sale among the lienors thereof under the order and direction of court and also asking for other and further relief. A demurrer was filed by the appellees to the amended bill of complain, alleging among other things: "First: That the orginal bill in this matter was filed by The Atlantic Mill and Lumber Realty Company, Incorporated; and the amended bill of complaint is filed by Herman M. Meyer, trading as the Atlantic Mill and Lumber Company, an entirely new party plaintiff, who was not heretofore in this case, and who cannot, under the circumstances, file said amended bill, and is not a proper party to do so. * * * Third: That the alleged amended mechanic's lien, referred to in said amended bill of complaint, is not a valid lien on the property of these defendants, in that the same was not procured within the time prescribed

by law. \* \* \*" A hearing was held in open court on the amended bill of complaint and on the demurrer thereto. At the time of the hearing on the demurrer, the following stipulation was filed in the case: "It is admitted in open court by counsel for the lienor, that the charter of the Atlantic Mill and Lumber Realty Company had been forfeited under the laws of the State of Maryland, and that said charter is no longer in existence." The chancellor by an order passed on October 23rd, 1940, sustained the demurrer to the amended bill of complaint filed on August 2nd, 1940, without leave to amend. An appeal is taken from that order.

The question for our decision is: Should this demurrer to the bill of complaint filed on August 2nd, 1940, have been sustained? Code 1939, art. 81, sec. 152, provides in part that where a charter is forfeited for non-payment of taxes, "the powers granted to such corporations shall be inoperative, null and void, without the necessity of proceedings of any kind, either at law or in equity." A provision is made for the reviving of such charter, which apparently was not taken advantage of in this case. Moreover, the forfeiture of its charter did not destroy its asssets, the same being automatically transferred to its directors, as trustees, for the use of creditors, stockholders, and members, and held by such trustees until the revival of the corporation. Code, art. 23, sec. 100; art. 81, sec. 153; *American-Stewart Distillery v. Distilling Co.*, 168 Md. 212, at page 220, 177 A. 473. If the forfeiture was made under the Code, art. 23, secs. 104, 105, it is provided, among other things, "it shall be ousted of its corporate franchises; and the court shall thereupon appoint a receiver or receivers of the corporate estate and assets. The powers of such receivers and all the consequences of dissolution shall be such as are hereinabove conferred and provided by this article." The intent of the Legislature seems to be clear that all powers granted to such corporations after forfeiture shall be inoperative, null and void. This organization, whose charter is forfeited, is not legally in existence

as a corporation and cannot function as a corporation. *Murphy v. Wheatley,* 102 Md. 501, at page 505, 63 A. 62; *National Shutter Bar Co. v. Zimmerman & Co.,* 110 Md. 313, at pages 318, 319, 73 A. 19; *Grossfeld v. Baughman,* 148 Md. 330, at page 337, 129 A. 370. Quoting 19 *Corpus Juris Secundum, Corporations,* at page 1562, sec. 1772: "After a corporation has become effectually dissolved in any mode known to the law, its power to sue or be sued, either in actions *in personam* or *in rem,* in its corporate name, is extinguished; nor can it thereafter be brought in and joined as a party plaintiff or defendant in an action brought by or against another. A dissolved corporation has no standing in court or power to make any motion regarding prosecution or disposal of an independent suit against it. After its dissolution, a corporation can maintain no action to enforce rights acquired during the life of its charter * * *." *Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corporation,* Ill., 302 U. S. 120, 58 S. Ct. 125, 82 L. Ed. 147; *Sharp v. Eagle Lake Lumber Co.,* 60 Cal. App. 386, 212 P. 933; *MacAffer v. Boston & M. R. R.,* 268 N. Y. 400, 197 N. E. 328; *Seventy-Three First Ave. Corporation v. Braunstein Bros. Carbonic Sales Corporation,* 170 Misc. 657, 10 N. Y. Supp. 2nd. 868; *G. M. Standifer Const. Corporation v. Commissioner of Internal Revenue,* 78 Fed. 2nd. 285, 286; *Carey v. Giles,* 10 Ga. 9. The original mechanics' lien, filed April 29th, 1939, was inoperative, null and void as the petitioner was not in existence and had no power to file the lien. Such petitioner not being in existence and having no authority to enforce rights acquired during the life of its charter could not file the alleged mechanics' lien, could not file the original bill of complaint for its enforcement, could not file a petition for authority to file an amended bill of complaint. The amended lien was not filed by the directors of the corporation as trustees nor by a receiver or receivers of the corporation, but by "Herman M. Meyer, trading as Atlantic Mill and Lumber Company." It therefore appears that the amended bill of

complaint of "Herman M. Meyer, trading as Atlantic Mill and Lumber Company," was an entirely new action and that the amended mechanics' lien, an entirely new claim filed more than six months after the time fixed by statute (Code, art. 63, sec. 23) was no lien and is, therefore, not enforceable. *Wilson v. Wilson,* 51 Md. 159; *Ortwine v. Caskey,* 43 Md. 134, 138; *Trustees v. Heise,* 44 Md. 453; *Wix v. Bowling,* 120 Md. 265, at 267-269, 87 A. 759. It is contended by the appellant under the broad provisions of amendment given by Code, art. 63, sec. 32, that the amended mechanics' lien should be considered as an amendment and not as a new lien. We do not construe that section as permitting an individual to take advantage of a lien previously filed by a nonentity. The case of *Real Estate Co. v Phillips,* 90 Md. 515, 524, 45 A. 174, is strongly relied on by the appellant, but in that case, from an examination of the record, it is found that a petition was filed asking the court for permission to amend the mechanics' lien claim and an order of court was specifically given amending that claim. The primary question for this court in that case was whether the court below had power to allow the amendment. In the case now before us, from the record, no power was given to amend the mechanics' lien claim but merely to file an amended bill of complaint. In *Real Estate Co. v. Phillips, supra,* no such broad amendment was allowed as was made by the appellant in the instant case. Equity should not be used to nullify the specific provisions of Code, art. 81, secs. 152, nor of Code, art. 23, secs. 104, 105, providing for forfeiture. The order of the chancellor passed on October 23rd, 1940, should be affirmed for the reasons given herein.

*Order affirmed, with costs.*

DELAPLAINE, J., dissents.