914 ■ ■

**CLOVER DAIRY CO., Inc., to Use of BET-TAR ICE CREAM CO., Inc. v. MISLER et al.**

No. 1138.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 19, 1951.

Decided Jan. 11, 1952.

Rehearing Denied Feb. 8, 1952.

John C. Dougherty, Washington, D. C., (Robert J. Hawkins, Washington, D. C., on the brief), for appellant.

Milford F. Schwartz and Don S. Willner, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Clover Dairy Company, a Maryland corporation, entered into a contract with Greenway Pharmacy September 21, 1946, to supply it with ice cream for a period of five years. This contract contained a liquidated damage clause for $2,000. In October 1947 Greenway Pharmacy refused to accept merchandise.

In January 1948 suit was filed by the dairy company to recover liquidated damages provided for in the contract. Greenway Pharmacy admitted the contract and its refusal to perform, but set up a defense for said refusal and filed a counterclaim. In February 1948 the dairy company sold its entire business to the Bettar Ice Cream Company, a Washington corporation. In June 1949 the dairy company, through its then counsel,[1] filed an amended complaint bringing in Bettar Ice Cream Company as a use plaintiff and alleging that the contract sued upon had been assigned to it.

At the trial the only witness for plaintiff was the president of the dairy company at the time the contract was executed. He testified that the contract sued upon had not been assigned to Bettar Ice Cream Company, nor did he know if Clover Dairy Company had been dissolved. Upon this evidence Greenway Pharmacy moved for a finding in its favor. In reply to Greenway Pharmacy's motion the Clover Dairy Company requested leave to amend its amended complaint by dropping Bettar Ice Cream Company as the use plaintiff. Greenway Pharmacy opposed the amendment claiming it would prejudice its position. A finding for the defendant was given by the trial court, from which Clover Dairy Company appealed.

Appellee, Greenway Pharmacy, moved in this court to dismiss the appeal on the ground that Clover Dairy Company's corporate charter had been forfeited by the State of Maryland for failure to pay taxes and that, therefore, the action is a nullity for want of a plaintiff. Clover Dairy Company answered by saying that under Article 23, § 100, of the Code of the State of Maryland, 1939, it is provided that upon dissolution of any corporation, until other persons shall be appointed as receivers, the directors at the time of the dissolution shall become and be trustees of the corporation so dissolved and shall have the power to wind up and settle its affairs. We denied this motion with leave to renew it at the hearing of the appeal on its merits.

■ With respect to the amended complaint in which Bettar Ice Cream Company was entered as a use plaintiff, we rule that a misjoinder of parties plaintiff may be corrected by permitting the withdrawal or non-suit of the misjoined plaintiff; or, where the evidence clearly shows that the misjoined plaintiff never had any interest in the suit, the court may after verdict regard the name of the misjoined plaintiff as having been stricken.[2] Municipal Court rule 21 gives the trial court the power to add or drop misjoined parties at any stage of the proceedings.

■ We dispose of the appeal, however, on the question of the propriety of permitting this suit to be maintained in the name of the corporation. Annotated Code of Maryland, Flack, 1939, Article 23, § 102, provides that the dissolution of a corporation shall not abate any pending suit or proceeding, by or against the corporation, and all such suits may be continued with such change of parties, if any, as the court shall direct. It is the general rule that a corporation once dissolved is a nullity with regard to participating in a proceeding, but this statutory provision overcomes this general rule and leaves the question to be answered:[3] Must there be such a substitution of parties by the directors, or may they continue a suit in the corporation's name, which suit was begun during the corporate existence?

■ This question must be answered by the law of Maryland. The law is well settled that the right of suit by or against a corporation depends upon the laws of the incorporating State. Sedgwick v. Beasley, 84 U.S.App.D.C. 325, 173 F.2d 918.

The statute under which appellant corporation was dissolved is in Annotated Code of Maryland, Flack, Supp.1947, Article 81, § 152(a): "If any domestic cor-

---

1. The counsel who represented Clover Dairy Company at the trial did not enter an appearance until March 6, 1950.

2. 67 C.J.S., Parties, § 136.

3. Ballantine on Corporations, § 315 (Rev. ed. 1946).

poration shall refuse or neglect to pay to the State \* \* \* any franchise tax \* \* the charters of such corporations shall be repealed, annulled and forfeited, and that the powers conferred by law upon such corporations shall be inoperative, null and void \* \* \* without the necessity of proceedings of any kind either at law or in equity."

By the rule of *pari materia* in conjunction with the above we must also read Article 23, § 100: "Upon the dissolution of any corporation of this State in any manner otherwise than by judicial proceedings \* \* \* the directors at the time of dissolution shall become and be trustees for the creditors, stockholders and members of the corporation so dissolved. They shall take title to its assets, real and personal, and shall have full power to wind up and settle its affairs, to use [sue] for and collect its assets and to pay its debts \* \* \*."

Under the same Article, § 102: "The dissolution of a corporation shall not relieve its stockholders or directors or other officers from any obligations and liabilities imposed on them by law; nor shall it abate any pending suit or proceeding by or against the corporation, and all such suits may be continued with such change of parties, if any, as the court in which the same are pending shall direct."[4]

In considering the question of the necessity of substitution of parties, Municipal Court rule 23(c) states: "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." This rule is the same as rule 25(c), F.R.C.P., 28 U.S.C.A.

This matter has been expressly decided by the Supreme Court in the case of Defense Supplies Corp. v. Lawrence Warehouse Co., 336 U.S. 631, 69 S.Ct. 762, 93 L.Ed. 931. There the court ruled that substitution by the party to whom the interest is transferred is not necessary for the continuation of the suit in the name of the dissolved corporation. In so ruling the Supreme Court affirmed a decision of the Eighth Circuit, Gaynor v. Metals Reserve Co., 8 Cir., 166 F.2d 1011, which had held that it was not necessary to substitute the R.F.C. for the Metals Reserve Co. during the pendency of the action, and overruled a decision by the Ninth Circuit, Lawrence Warehouse Co. v. Defense Supplies Corp., 9 Cir., 168 F.2d 199, which had held that the language of the statute dissolving the Defense Supplies Corp. was mandatory and that the functions of the dissolved corporation shall be performed by the R.F.C.

From this we conclude that under the applicable Maryland statutes it was not necessary for the trustees to be substituted under Municipal Court rule 23(c), and that the dairy company could continue as the plaintiff by reason of Section 102 of Article 23 of the Maryland Code, notwithstanding that its interest had been transferred to its directors as trustees by operation of law. Section 100 of Article 23.

Relied upon by both parties is Atlantic Mill & Lumber Realty Co. v. Keefer, 179 Md. 496, 20 A.2d 178. There the Maryland Court of Appeals interpreted the very statutes here involved, but the case turned on a different factual issue. In that case there was no attempt to continue the litigation in the name of the dissolved corporation but an attempt by amending the complaint to substitute a completely new and different party than the trustees, as the statute provides.

We hold, therefore, that the judgment appealed from must be reversed and the cause remanded for a new trial on the merits.

Reversed and remanded.

---

4. The entire corporation law of the State of Maryland has since been rewritten, effective June 1, 1951. Under this revision the sections referred to are included in substantially the same language. The section dealing with the abatement of suits after dissolution now expressly permits the receiver, by order of the court, to file suit in his own name as receiver or, notwithstanding its dissolution, in the name of the corporation, to his use.