KITCHEN, ET AL. t/a KITCHEN BROS. EQUIPMENT CO., INC. *v.* HIMELFARB, ET AL.

[No. 343, September Term, 1968.]

*Decided June 27, 1968.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, FINAN and SMITH, JJ.

*Victor L. Edwards* for appellants.

*Richard B. Bland,* with whom were *Welsh & Lancaster* on the brief, for Frederick W. Berens, Inc., part of appellees.

Submitted on brief by *Donald M. Caplan* for Herbert A. Himelfarb, et al., other appellees.

MARBURY, J., delivered the opinion of the Court.

Ronald E. Kitchen, Ramon B. Kitchen, and Terry L. Kitchen, trading as Kitchen Brothers Equipment Co., Inc. appeal from an order entered November 14, 1968, by the Circuit Court for Prince George's County granting a motion to dismiss their amended mechanics' lien claim with prejudice in equity actions D-2223, D-2261, and D-2287, which had been consolidated for trial.

On March 17, 1967, "Kitchen Bros. Equipment Co.,

Inc., a Virginia corporation," filed a mechanics' lien in the Circuit Court for Prince George's County in Mechanics' Lien Docket 31, folio 438, setting forth a claim against the appellees Herbert A. Himelfarb, et al. Thereafter, on July 18, 1967, "Kitchen Bros. Equipment Co., Inc." filed a bill of complaint for foreclosure of its mechanics' lien in which it alleged that it was a Virginia corporation with its principal place of business at 218 Telegraph Road, Alexandria, Virginia. The appellees raised preliminary objections based on the ground that the claimant lacked the capacity to bring suit since it was not registered or otherwise qualified to do business in Maryland. The Circuit Court granted "Kitchen Bros. Equipment Co., Inc." thirty days to register or qualify, but no action was taken by the claimant. On March 27, 1967, the Circuit Court entered an order dismissing the bill of complaint with prejudice.

The mechanics' lien filed by "Kitchen Bros. Equipment Co., Inc." was amended on February 26, 1968, substituting Ronald E. Kitchen, Ramon B. Kitchen, and Terry L. Kitchen, t/a Kitchen Bros. Equipment Co., Inc.

On or about June 17, 1968, the appellants filed answers in the three present actions which were filed by B & M Welding and Iron Works, Inc., United States Tile & Marble Company, and John L. Renshaw, Inc. to foreclose their mechanics' liens. The three cases were consolidated for trial at which time oral motions were made to dismiss the claim of "Kitchen Bros. Equipment Co., Inc." One ground for the motions was that the appellants' answers did not make the necessary allegations to properly foreclose a mechanics' lien. The pertinent parts of the appellants' answers are as follows:

"That in further Answer to the said Bill of Complaint, defendants state that they are the owner of a mechanics' lien against the property described in said Complaint, said lien having been filed on the 17th day of March, 1967, among the Land Records for Prince George's County,

Maryland, in Liber 31, Folio 438, and that the amount of the said mechanics' lien is $10,680.00."

On November 14, 1968, the Circuit Court entered an order dismissing the appellants' mechanics' lien with prejudice. On appeal, the appellants challenge the correctness of the court's action.

In oral argument before the Circuit Court, counsel for both parties cited *Atlantic Mill & Etc., Co. v. Keefer,* 179 Md. 496, 20 A. 2d 178, as controlling. In that case, Atlantic Mill & Lumber Realty Co., Inc. filed a mechanics' lien against Keefer after Atlantic's corporate charter had been forfeited. They also filed a bill of complaint to enforce the lien to which Keefer demurred. The demurrer to the bill was sustained with leave to amend. Thereafter, one Herman Meyer, trading as Atlantic Mill & Lumber Company, filed an amended complaint and also amended the mechanics' lien. The trial court sustained a demurrer to the amended bill of complaint without leave to amend. On appeal, this Court upheld the lower court's action and we stated:

> "The original mechanics' lien, filed April 29th, 1939, was inoperative, null and void as the petitioner was not in existence and had no power to file the lien. Such petitioner not being in existence and having no authority to enforce rights acquired during the life of its charter could not file the alleged mechanics' lien, could not file the original bill of complaint for its enforcement, could not file a petition for authority to file an amended bill of complaint. The amended lien was not filed by the directors of the corporation as trustees nor by a receiver or receivers of the corporation, but by 'Herman M. Meyer, trading as Atlantic Mill and Lumber Company.' It therefore appears that the amended bill of complaint of 'Herman M. Meyer, trading as Atlantic Mill and Lumber Company,' was an entirely new action and that the amended mechan-

ics' lien, an entirely new claim filed more than six months after the time fixed by statute (Code, art. 63, sec. 23) was no lien and is, therefore, not enforceable. *Wilson v. Wilson,* 51 Md. 159; *Ortwine v. Caskey,* 43 Md. 134, 138; *Trustees v. Heise,* 44 Md. 453; *Wix v. Bowling,* 120 Md. 265, at 267-269, 87 A. 759. It is contended by the appellant under the broad provisions of amendment given by Code, art. 63, sec. 32, that the amended mechanics' lien should be considered as an amendment and not as a new lien. We do not construe that section as permitting an individual to take advantage of a lien previously filed by a nonentity." 179 Md. at 500-01, 20 A. 2d at 181.

We agree with the parties that *Atlantic* is dispositive of this case. The appellants may not take advantage of a "lien" previously filed by a nonentity, and their attempted amendment of the mechanics' lien must be considered on its own merits. Since it was not filed until more than eleven months after the original mechanics' lien claim was filed, it is readily apparent that their attempted lien was not filed in compliance with Code (1968 Repl. Vol.), Article 63, Section 23, which requires that the claim be filed no later than six months after the claimant has furnished labor or materials.

*Order affirmed. Costs to be paid by the appellants.*