BRUNECZ *v.* DiLEO ET AL.

[No. 68, September Term, 1971.]

*Decided November 15, 1971.*

The cause was argued before HAMMOND, C. J., and MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*James J. Lombardi* for appellant.

*Monte M. Simpson,* with whom were *William A. Mann* and *Dukes, Troese, Mann & Wilson* on the brief, for appellees.

SINGLEY, J., delivered the opinion of the Court.

Even though the disaster can be ultimately averted, this case clearly identifies the perils which may be encountered when a mechanics' lien is claimed against the wrong property. Stephen Brunecz, the general contractor who built a summer residence for Joseph A. and Esther DiLeo (the DiLeos) on Ponder Cove in the first

district of Anne Arundel County brought suit against the DiLeos to enforce a mechanics' lien which he had asserted against what everyone had assumed to be the improved premises. After a three day hearing before the Circuit Court for Anne Arundel County, an order was entered on 8 December 1970 determining that $5,860.56 and interest was due and owing by the DiLeos to Brunecz, and that the property should be sold if the DiLeos failed to pay this sum, together with three-fourths of the court costs, within 90 days. No appeal was taken from this order.

Apparently as a result of the DiLeos' efforts to borrow funds from which the judgment could be paid, it was discovered to the surprise of Brunecz and the DiLeos, that the mechanics' lien had been asserted against the wrong property.

This came about as a result of the fact that the DiLeos owned two contiguous lots, each fronting 75 feet with a depth of 150 feet on Holly Drive at Ponder Cove. The northernmost of the lots was identified on the plat as lot 5 in block H; the southernmost, as lot 6 in the same block. The house, although described in the application for the building permit, in the Health Department's percolation test, in the notice of intention to assert a mechanics' lien, in the lien itself and in the bill of complaint to enforce the lien as being or having been built on lot 5, had actually been built on lot 6. The court's order simply referred to "the property mentioned in these proceeding[s]."

Brunecz was clearly impaled on the horns of a dilemma. Since more than 30 days had passed since the entry of the order of 8 December 1970, the order had become enrolled and the revisory power of the court could be exercised only if there were fraud, mistake or irregularity, Maryland Rule 625 a. However, the type of mistake made here is not the sort of mistake encompassed by the Rule, *see Penn Central Co. v. Buffalo Spring & Equipment Co.*, 260 Md. 576, 582-83, 273 A.

2d 97 (1971); *Wooddy v. Wooddy,* 256 Md. 440, 452-55, 261 A. 2d 486 (1970).

An alternative approach through the thicket of our mechanics' lien law was equally forbidding. Maryland Code (1957, 1968 Repl. Vol.) Art. 63, § 23 requires that a lien be claimed within six months after the work has been finished or the materials furnished, *Kitchen v. Himelfarb,* 254 Md. 372, 254 A. 2d 694 (1968). Here, the last work was done in June, 1970, and the six months' period had accordingly expired in December.

Faced with the impossibility of either revising the court's order or filing a new lien, Brunecz chose an interstitial approach: he filed what he called a Petition To Amend Bill of Complaint And Mechanics' Lien. It is from an order denying the petition that this appeal was taken.

We propose to affirm the order denying Brunecz the relief which he sought. Although Code, Art. 63, § 32 clearly envisions that because the mechanics' lien law is remedial in nature necessary and proper amendments may be made in the proceedings at any time and from time to time, it imposes an overriding proviso "that the amount of the claim or lien filed shall not in any case be enlarged." Whatever may be the rule elsewhere, see 57 C.J.S. *Mechanics' Liens* § 161 (1948), it has long been established in Maryland that while an improper statement of ownership may be corrected by amendment, *Wilhelm v. Roe,* 158 Md. 615, 149 A. 438 (1930); *Real Estate & Improvement Co. v. Phillips,* 90 Md. 515, 45 A. 174 (1900), an improper description of the property against which the lien is asserted may not be corrected after the time for filing the lien has passed, because this would amount to an entirely new claim of lien, *Gault v. Wittman,* 34 Md. 35 (1871).

Our affirmance of the lower court's order, however, does not mean that Brunecz is left without a remedy. Code, Art. 63, § 33 provides that "[n]othing in this article shall be construed to affect the right of any person to whom any debt may be due for work done or ma-

terials furnished to maintain any personal action against the owner of the building \* \* \*." *See Port City Constr. Co. v. Adams & Douglass, Inc.,* 260 Md. 585, 273 A. 2d 121 (1971). The judgment entered below in Brunecz' favor against the DiLeos for $5,860.56, together with interest from 7 December 1970 and three-fourths of the costs was a final determination on the merits. Because the parties and issues will be identical in a subsequent proceeding the doctrine of res judicata would be applicable, *Pat Perusse Realty Co. v. Lingo,* 249 Md. 33, 238 A. 2d 100 (1968) ; *De Maio v. Lumbermens Mutual Casualty Co.,* 247 Md. 30, 230 A. 2d 279 (1967), and Brunecz need only sue the DiLeos at law and move for summary judgment.

Additionally, since the DiLeos throughout the proceeding seem to have conceded that the house was built on lot 5, and Mr. DiLeo confirmed this in his sworn deposition, it would appear that they are estopped by record or estopped judicially from challenging the validity of the lien insofar as it applies to lot 5, *Wilson Bros. v. Cooey,* 251 Md. 350, 359, 247 A. 2d 395 (1968) ; *Stone v. Stone,* 230 Md. 248, 253, 186 A. 2d 590 (1962) ; *Mobberly v. Mobberly,* 60 Md. 376 (1883) ; 28 Am. Jur. 2d *Estoppel and Waiver* §§ 68-69 (1966). We perceive no reason why the trustees named in the order of 7 December 1970 should not proceed with the sale of lot 5 in the manner specified by the order.

> *Order affirmed, costs on appeal to be paid by appellees.*