567 A.2d 949

**ARNOLD DEVELOPER, INC., et al.**

v.

**Maurice E. COLLINS, et ux.**

**No. 80, Sept. Term, 1989.**

Court of Appeals of Maryland.

Jan. 9, 1990.

---

George J. Goldsborough, Jr. (Goldsborough & Tolley, both on brief), Easton, for appellants.

William M. Chaires, Annapolis, for appellees.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE and ADKINS, JJ., and CHARLES E. ORTH, Jr., Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

CHARLES E. ORTH, Jr., Judge, Specially Assigned.

## I

The trial judge in the Circuit Court for Talbot County observed that "a great deal of confusion has attended this case...." A trip along the convoluted path of this case to this Court proves the accuracy of the observation. The basis of the action was a contract of sale dated 4 March 1988 for a tract of land. The contract designated Maurice E. Collins and Helen Collins, his wife, as the sellers, and Arnold Development, Inc., as the buyer. The case began by a complaint for specific performance of the contract instituted by Arnold Developer, Inc., later modified to Arnold Developer Associates, Inc., against the sellers. By counterclaim, intervention, amended complaint, and third party

counterclaim, Arnold Development, Inc., Roger G. Arnold (sometimes known as Roger G. Arnold, Jr.), and Priscilla Arnold, were added as parties. Thus, those seeking to enforce the contract became variously plaintiffs, counter-defendants, and third-party plaintiffs. The sellers, resisting specific performance, became variously defendants, counter-plaintiffs and third-party defendants. The proceedings below were cluttered by a plethora of procedural maneuvers which culminated in summary judgment consisting of two orders of court, one interlocutory, the other final. The orders aggrieved, in some respect, all of the parties. Each side displayed its dissatisfaction by noting an appeal. A writ of certiorari was issued to the Court of Special Appeals on our *sua sponte* order before decision by that court.

## II

The case is before us on summary judgment. Maryland Rule 2–501(a) authorizes any party to

file at any time a motion for summary judgment on all or part of an action on the ground that there is no genuine dispute as to any material fact and that the party is entitled to judgment as a matter of law.

The trial court

shall enter judgment in favor of or against the moving party if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law.

Section (e). "A material fact is a fact the resolution of which will somehow affect the outcome of the case." *King v. Bankerd*, 303 Md. 98, 111, 492 A.2d 608 (1985). "[A]ll inferences are resolved against the moving party." *Id.* Summary judgment is not proper if there is a conflict between the inferences that may be drawn. *Id.*

"[E]ven where the underlying facts are undisputed, if those facts are susceptible of more than one permissible inference, the choice between those inferences should not

be made as a matter of law, but should be submitted to the trier of fact."

*Porter v. General Boiler Casing Co.*, 284 Md. 402, 413, 396 A.2d 1090 (1979), quoting *Fenwick Motor Co. v. Fenwick*, 258 Md. 134, 138, 265 A.2d 256 (1970). "Credibility" is not an issue to be determined on summary judgment. "In granting or denying a motion for summary judgment, a judge makes no findings of fact." *King v. Bankerd*, 303 Md. at 111, 492 A.2d 608.

> Indeed, the function of the summary judgment procedure is not to try the case or to decide issues of fact; rather the procedure merely determines whether there is a triable issue of fact.

*Id.* at 111–112, 492 A.2d 608. The appellate court

> [i]n reviewing the grant or denial of a motion for summary judgment [is] concerned primarily with deciding whether a material factual issue exists....

*Id.* at 110–111, 492 A.2d 608. *See* cases cited in *Bankerd* at 110–112, 492 A.2d 608; *see also DiGrazia v. County Exec. for Mont. Co.*, 288 Md. 437, 445, 418 A.2d 1191 (1980).

## III

### A

It is undisputed that at the time the contract was signed, Arnold Development, Inc., named in the contract as the buyer, was a defunct corporation. "The charter of the corporation or its authority to do business was forfeited on October 6, 1983 for failure to file the 1982 & 1983 corporate personal property report." The court held that the contract was null, void, and unenforceable. The basis for the holding was the conceded fact that Arnold Development, Inc., was not in existence when the contract was executed. But to reach the holding, there had to be a determination by the court that Arnold Development, Inc., was the intended buyer. Throughout the pleadings and other filings, Arnold Developer, Inc., vigorously and consistently contended that this was not so. This denial persisted although Roger G.

Arnold had signed the contract and two addenda thereto and each time over the signature was typed "Arnold Development, Inc." In answer to the sellers' counterclaim, Arnold Developer, Inc., disputed that Roger G. Arnold

> executed the contract as representative of Arnold Development, Inc., he having intended to act and having acted in fact as the President of Arnold Developer, Inc., the contract having erroneously been drawn in the name of Arnold Development, Inc., a corporation in which Roger G. Arnold formerly held corporate office but which had been permitted to lapse and which was replaced by Arnold Developer, Inc.

The source of the deposit payment was admitted to have been the personal account of Roger G. Arnold and Priscilla Arnold, but Arnold Developer, Inc., denied that "the payment was on behalf of Arnold Development, Inc. averring that the payment was on behalf of Arnold Developer, Inc." Arnold Developer, Inc., further averred that "the contract at all times from its inception was executed on behalf of Arnold Developer, Inc. and that the misnomer Arnold Development, Inc. was the result of inadvertence on the part of all parties and was a harmless error corrected before the scheduled [date of] the contract settlement." In an objection to the motion for partial summary judgment, Roger G. Arnold and Arnold Developer, Inc., again alleged that the contract was between Arnold Developer, Inc., and the sellers, the designation of the buyer as Arnold Development, Inc., being a misstatement.

The intervening complaint by Roger G. Arnold, Priscilla A. Arnold, and Arnold Development, Inc., filed under oath, presented as facts that the negotiations leading to the contract were "between Roger G. Arnold and Maurice E. Collins and were conducted face to face." The formal contract, the complaint asserted, designated a corporation as the buyer because of Arnold's estate planning, and although the corporation designated was Arnold Development, Inc., it was intended that the corporation be Arnold Developer, Inc.

Arnold Development, Inc., had been a name of a Corporation which Mr. Arnold had previously been involved with and owned wholly, but which had forfeited its Charter in 1983.

\*       \*       \*       \*       \*       \*

Arnold Developer, Inc. was a new Corporation started up in 1987, to replace Arnold Development, Inc.

Thus, the intervenors alleged, "[t]he intervention of a corporate entity was solely for the convenience of Mr. Arnold, and was done as an estate planning technique." No objection was ever voiced to the naming of a corporate entity. The response of the sellers to the motion to intervene and the intervening complaint stated that the intervenors "are already parties and have been for many months and many pleadings." It asserted that the intervening complaint was replete with "material inconsistencies." It strongly disputed the facts alleged in the complaint.

## B

█ In reaching its final judgment, the trial court held, as we have seen, that the contract of sale was "null and void *ab initio*, and unenforceable at law or equity." The court's order to return immediately to the buyer the "earnest money" deposited pursuant to the contract flowed from the voiding of the contract. In short, the sole basis for the judgment, the foundation upon which it rested, was the decision that the contract was null and void and could not be revivified.

It is readily apparent that there was a genuine dispute as to material facts. But the judge, to all practical purpose, tried the case on the pleadings. His function on the summary judgment motion was only to ascertain whether there was a triable issue of fact, but he went far beyond that function. In declaring the contract null and void, he determined the intention of the parties with respect to the identity of the buyer, and in resolving the issues of the return of the deposit and the demands for attorney fees and costs, he determined the claims of fraud, deception, bad

faith, and the contention that the proceeding was unjustified. In making these determinations he resorted to findings of fact and judged credibility. This was not his function. There were clearly triable issues of fact to be submitted to a trier of fact, not resolved as a matter of law. The judge below erred in disposing of the case by summary judgment. We reverse the judgment.

IV

■ If it be deemed, arguendo, that there was no dispute as to any material fact, as the sellers would have it, the court erred even then because the sellers were not entitled to judgment as a matter of law.

As we have seen, it is not disputed that the charter of Arnold Development, Inc., was forfeited prior to the execution of the contract but revived thereafter pursuant to Md.Code (1975, 1989 Cum.Supp.), § 3–507 of the Corporations and Associations Article, prior to the grant of summary judgment. There is no suggestion that the corporation is not in existence and in good standing today as a corporate entity. The Corporations and Associations Article § 3–512 sets out the effect of the revival of a forfeited charter. Subsection (1) provides:

> If otherwise done within the scope of its charter, all contracts or other acts done in the name of the corporation while the charter was void are validated, and the corporation is liable for them.

Subsection (2) prescribes:

> All the assets and rights of the corporation, except those sold or those of which it was otherwise divested while the charter was void, are restored to the corporation to the same extent that they were held by the corporation before the ... forfeiture of the charter.

We have, in the past, found the clear legislative intent to be that the revival of a corporate charter relates back to the date of the forfeiture. We have recognized, in accord with the legislative enactments, that all of the powers, authority,

rights, and assets of the corporation at the time its charter was forfeited are vested in the corporation, after the revival, as fully as they were enjoyed and held at the time of the forfeiture, except as to those rights and assets of which the corporation was divested prior to the revival. *Cloverfields Imp. v. Seabreeze Prop.*, 280 Md. 382, 397, 373 A.2d 935 (1977); citing and quoting with approval *Cloverfields Imp. v. Seabreeze Prop.*, 32 Md.App. 421, 434–435, 362 A.2d 675 (1976). *See Redwood Hotel, Inc. v. Korbien,* 197 Md. 514, 521, 80 A.2d 28 (1951); *Psychic Research & Dev. v. Gutbrodt,* 46 Md.App. 21, 28, 415 A.2d 611 (1980).

In the case at bar, as in *Redwood Hotel, Inc. v. Korbien, supra,* divesture of rights or assets while the corporation was a nonentity are not involved. The power and authority of *Arnold Development, Inc.* to execute such a contract during its corporate existence is not disputed. The revival of the charter restored that power and authority as if they had never been lost. Therefore, the contract was not "null and void and unenforceable at law or equity" by reason of the forfeiture of the charter as was held by the trial court. The court's conclusion that the corporation, as a nonentity, had lost the power to act at the time the contract was executed, which was correct, and that the revival statute did not validate the act of executing the contract, which was incorrect, appears to have been on the sole basis of the forfeiture of the charter. Our determination that the court erred serves to reinstate the action for specific performance, and places before the court again a variety of motions and issues which the court left unresolved in the light of its holding. On remand, they may be addressed with due consideration given to evidence adduced.[1]

---

1. The trial court cited *Atlantic Mill & Etc., Co. v. Keefer,* 179 Md. 496, 20 A.2d 178 (1941), for the proposition that "all corporate powers after charter forfeiture are null and void [and that] equity should not be used to cure such a deficiency." But *Atlantic Mill* is not applicable to the case at hand. Unlike the case before us, the charter in *Atlantic Mill* had not been revived. The *Atlantic Mill* court observed: "A provision is made for the reviving of such charter, which apparently was not taken advantage of in this case." *Id.* at 499, 20 A.2d 178.

## V

We have held that because there were triable issues of facts, the court below erred in disposing of the case summarily. We have observed that even if it be deemed that a material factual issue did not exist, the judgments rendered by the court as a matter of law were erroneous. The complaint for specific performance must be tried on the merits. The undecided motions must be winnowed from the mass of pleadings and determined. The trier of facts must make factual findings, judging the credibility of the witnesses and weighing the evidence adduced. If the decision is that the contract shall be specifically enforced, then it must be ascertained to whom the real property is to be conveyed, Arnold Development, Inc., or some other corporation or person. We note that the contract provides that upon compliance with the provisions of the contract the seller shall execute and deliver a good and sufficient deed conveying the property to the buyer designated in the contract "or to whomever Buyer may have substituted as grantee in said deed. . . ." We further observe that in the proceedings for summary judgment, the trial court declared that it

> cannot, in equity or at law, substitute Arnold Developer, Inc. or Roger G. Arnold or Roger G. and Priscilla Arnold for Arnold Development, Inc. as a party to the contract.

Because the contract was null and void, the court explained, it "cannot be re-written by the court so as to substitute the 'intended party' for the party in fact." This rationale is undermined by our conclusion that the contract was not null and void.

Inasmuch as the trial court erred in granting summary judgment, whether by reason of going beyond the confines of its authority with respect to the grant or denial of summary judgment, or as a matter of law, the judgments are reversed and the case is remanded for further proceedings.

JUDGMENTS OF THE CIRCUIT COURT FOR TALBOT COUNTY REVERSED;

CASE REMANDED FOR FURTHER PROCEEDINGS; COSTS TO BE PAID BY MAURICE E. COLLINS AND HELEN COLLINS, HIS WIFE.